**People of the State of Illinois, Plaintiff-Appellee, v. Jim E. Myers and Harold W. Fickes, Defendants, Jim E. Myers, Defendant-Appellant.**

Gen. No. 10,842.

Fourth District.

February 15, 1968.

Rehearing denied April 1, 1968.

John F. Dunn, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (J. Daniel King, Assistant State's Attorney, of counsel), for appellee.

TRAPP, J.

Defendant was found guilty upon two charges of deviate sexual assault following a bench trial. Sentence was fixed at not less than 8 years nor more than 14 years.

Defendant urges that there was a failure to prove that the defendant compelled the victim to perform or submit to acts of deviate sexual conduct by force, or threat of force, so that there was no proof of guilt beyond a reasonable doubt. Chapter 38, § 11–3, Ill Rev Stats, 1965.

Defendant was jointly indicted with one Fickes for the offense at issue, but upon motion the cases were severed. We have affirmed the conviction of Fickes in 89 Ill App2d 300, 231 NE2d 602.

Lobb, upon whom the offenses were alleged to have been committed, was 18 years of age with an intelligence quotient ranging from 60 to 70. He left the 6th grade when 16 years of age. A psychiatrist classified Lobb as a mental defective, but stated no findings as to matters of emotional or social judgment. Lobb had been arrested for "grand theft."

The events at issue took place during two days when Lobb was confined in a cell block in the county jail with ten or more other prisoners. The record discloses the utter beastiality to be found in the jungles of modern society. The testimony of nine inmates in addition to Lobb and defendant, defies coherent statement of persons and times but discloses repeated acts of fellatio in groups and by individuals performed upon Lobb in the cells and

in the bullpen. It appears that Fickes, the defendant and most of those confined in the tier, struck and beat Lobb as they pleased, and as a matter of sport, and he was compelled to perform degrading and humiliating acts in the presence of the group. Defendant admits the acts performed on Lobb upon two occasions, but denies that he compelled them by force, or threat of force. Rather, he insists that Lobb came to him and asked to engage in the act. Most of the witnesses testified to seeing defendant strike Lobb at various times, and that defendant participated at the time when Fickes and others compelled Lobb to engage in the acts. There is a fragment of testimony that defendant urged Fickes to cut down on the sport, but this was expressed in terms of fear that the jailer might discover the continuing orgy. Lobb was called as a witness by the defendant. He testified that during subsequent incarceration, he and defendant had become friends, and that defendant had apologized to him for what was done. He testified that while Myers did not use force or threats, the submission to defendant was forced by Fickes beating him, Lobb.

In the Committee Comments to the statute defining the offense, (Chapter 38, § 11–3, Smith-Hurd Annotated Statutes at p 593), it is stated that the force, or threat of force, in committing the offense of deviate sexual assault is generally equivalent to that required in rape. In People v. Dean, 78 Ill App2d 2, 223 NE2d 175, it was held that force used by one defendant in committing rape was attributable to other defendants who also had intercourse with the victim. The testimony of Lobb brings this prosecution within such rule.

Defendant urges that there was no evidence tending to show that Lobb resisted to the utmost of his capacity, that resistance was futile, or that he was overcome by fear. It is argued that it must be concluded that Lobb consented to the act with defendant as there was no evidence that he complained to the jailer or to a trusty.

131

No witness testifying, except the defendant, suggests that Lobb consented, or willingly participated, in the gross maltreatment suffered at the hands of the other prisoners.

If the offense of rape is taken as an analogy, the making of a prompt complaint by a victim is not considered proof of the commission of the offense, but is an exception to the hearsay rule for the purpose of corroborating a lone witness. People v. Scott, 407 Ill 301, 95 NE2d 315; People v. Finley, 22 Ill2d 525, 177 NE2d 149; People v. Symons, 23 Ill2d 126, 177 NE2d 185. In this case there is no necessity to corroborate a sole witness, for the whole record proves the acts charged.

Upon the issue of resistance, it is sadly demonstrated in this record that an individual's security is not protected in the county jail. Briefly summarized, its method of operation was that the deputy serving as turnkey maintained an office keeping records and operating a radio. The cell tiers were not under observation, but if the radio was not turned on too loud, or he was not using a typewriter, he could hear the calls from the cell tiers. The prisoners called frequently and if he heard a call, he might send a trusty. The defendant himself testified that a trusty observed at least a part of the treatment suffered by Lobb and laughed at the performance.

The turnkey on each shift might make a tour of the catwalk, but there was no apparent effort to observe each man in the jail. The only apparent specific observation of each man was in the morning and at night as the prisoners counted off in moving between the cell tier and the bullpen, but the turnkey was at some distance when this observation was made.

The turnkeys relied upon the "sheriff" of the tier to maintain order and report trouble. During this period, the "sheriff" was one Fickes who has been convicted on like charges. Fickes, at this trial, testified that Lobb cried

for help and yelled for the turnkey only to be beaten more. Defendant, testifying in this case concerning the acts of the others, stated that when Lobb was crying and hollering, they might desist so that the turnkey would not be attracted.

The deputy, Hildebrand, serving as a turnkey, testified that on May 6, 1966, Lobb was put in safe keeping when it was discovered that he was threatened, was crying, had a black eye and complained of being beaten. This discovery by the jailer occurred when Lobb's father called to see him, so that official attention was directed to the condition of Lobb.

The trial court stated, at the termination of the testimony, a conclusion that the defendant and Fickes were the leaders in the offenses committed against Lobb. His observation of the witnesses gives weight to his judgment, and a careful review of the record requires affirmance of the conviction of the offense charged on May 6, 1966.

Upon this appeal defendant contends that the charge of an offense on May 5, 1966, is void for the reason that the Count, designated with a Roman numeral "I," was not signed by the foreman of the grand jury, contrary to the provisions of chapter 38, § 111–3, Ill Rev Stats 1965. The record discloses that the trial court imposed but one sentence. The evidence supports the judgment of the conviction as to the offense charged on May 6, 1966 in Count II. We do not, therefore, reach the issue raised as to the offense charged on May 5, 1966, in Count I of the indictment.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.