People of the State of Illinois, Plaintiff-Appellee, v. Marcel Whittaker, Defendant-Appellant.

Gen. No. 52,742.

First District, Fourth Division.

October 30, 1968.

Patrick A. Barton, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Truschke, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from an order of the court sentencing the defendant after a violation of probation.

On April 28, 1965, Marcel Whittaker (hereafter referred to as the appellant) was indicted for aggravated battery in violation of chapter 38, section 12–4 of Illinois Revised Statutes 1963. The alleged battery was committed on January 12, 1965, upon Barbara Gillum, a semi-invalid cousin of appellant's wife. At his arraignment on May 12, 1965, the appellant pleaded not guilty.

The cause came on for hearing on September 29, 1965, and at that time appellant's counsel stated that the appellant would withdraw the plea of not guilty and enter

a plea of guilty. The court properly explained to the appellant his right to a trial by jury, and asked him whether or not he had struck the woman, to which appellant replied that he had. The court again inquired if he understood that on his plea of guilty he would be placed on probation with a period of time in the County Jail, and that if he violated the conditions of his probation it would be revoked and he would be sentenced to the penitentiary for as long as ten years. The appellant answered that he understood and still wanted to plead guilty. The court accepted the plea.

The appellant's application for probation was filed and the court entered an order granting probation for a period of five years. The terms of the probation were that he would not violate any criminal law of the State of Illinois; that he would not leave the State without permission; that he would spend the first 60 days of his probation in County Jail; that he should make a monthly report of his whereabouts, conduct and employment, and furnish such other information relating to the conditions of his probation as requested; and that he would enter into a recognizance in the sum of $500.

On January 16, 1967, an application for warrant was filed by the Probation Department, alleging that appellant had violated his probation in that on January 11, 1967, he appeared before a judge of the Circuit Court, charged with murder and was held to the Grand Jury. The warrant was issued and bail was set at $5,000.

On June 21, 1967, the court entered a rule to show cause why appellant's probation should not be terminated. Bail was reduced to $2,500, and the case was set for hearing on June 26, 1967. The probation officer was ordered to deliver to appellant a copy of the rule to show cause, together with copy of the report by the probation officer of the violation by said appellant of the conditions of his probation.

A further Probation Department report made to the judge to whom the case had been assigned stated that on December 3, 1966, the appellant was arrested on the street for aggravated battery committed on Lucy P. Coleman, who was hospitalized in critical condition from gunshot wounds. Subsequently she died, and on June 16, 1967, appellant appeared before a judge of the Circuit Court, charged with murder, and after a hearing was found not guilty.

On June 28, 1967, a supplementary report on the rule to show cause why probation should not be revoked or terminated was filed by the Probation Department. The report recited the facts of the original report, and in addition stated that Freddie Jones, sister of Lucy Coleman, gave an oral statement to detectives that on December 3, 1966, she heard her uncle (appellant) arguing with the deceased; that she saw him point a gun at the deceased and fire three shots at her; and that the deceased fell to the floor after the last shot. It was ascertained that the bullets removed from the victim came from the same gun appellant had.

On August 2, 1967, the cause came on for hearing on the rule to show cause before a judge of the Circuit Court. Counsel for appellant stated that appellant had a gun on his person at the time of the alleged violation of probation; that he reached into his pocket for cigarettes "and somehow his hand just sort of came up with the gun." Counsel stated that appellant would admit he had possession of a gun, but that there was no illegal misuse of it; that his hand was grabbed and shaken and the gun accidentally fired. Defense admitted that it was unlawful for a probationer to be carrying a gun, but that the appellant was carrying it because he had been robbed recently; that appellant realized he had no business carrying the gun, and that there would never again be another violation if appellant was recommitted to probation.

435

Freddie Jones was sworn in as the State's first witness and testified that she had lived with her sister, Lucy Coleman, at 3011 West Arlington; that appellant had come to their apartment at noon and had gone out to buy whisky, then had stayed at the apartment until the shooting occurred, about 6:00 p. m. She testified that she did not see the appellant pull out the gun but that she did see him fire at the deceased; that he then backed out of the apartment, after having fired three bullets. Appellant would admit that only two shots were fired.

Detective Adolph Learas was the second witness for the State. He testified that he saw the appellant in the police interrogation room on the day of the shooting; that appellant immediately said to him, "I'm sorry, I'm sorry"; that appellant had a weapon and a bottle of Scotch whisky on his person when arrested. The weapon was presented as People's Exhibit 1 for identification.

Detective Learas further testified that seven live rounds of ammunition were found on appellant's person; that was marked as People's Exhibit 2 for identification, and the liquor was marked as People's Exhibit 3. The witness stated that these were the same items that were removed from the appellant when he was arrested. He also stated that three shots had been fired. The exhibits were received in evidence.

The appellant testified that on December 3, 1966, he was standing at the door of deceased's apartment, preparing to leave; that he reached in his pocket for cigarettes, when Freddie Jones grabbed his hand, and somehow the gun fired twice. He stated he had been carrying a weapon in his overcoat pocket because he had recently been robbed; that he was not well; that he had kept all meetings with the probation officer, and if recommitted to probation he would complete it without violation. On cross-examination the appellant admitted that People's Exhibit 1 was the gun he had brought to deceased's house; that he also had the ammunition which was Peo-

ple's Exhibit 2; and that the bottle of whisky, People's Exhibit 3, was in his pocket when he was in the house.

Thelma G. Clark, Probation Officer, testified that appellant met with her at all required times and that she had never had any problem with him.

Appellant's counsel then advised the court that the appellant had been found not guilty of murder at his criminal trial. The court stated that according to the evidence presented, based on the appellant's history and present actions, based on the fact that he carried a concealed weapon, the appellant had violated the conditions of his probation. The probation was revoked and the appellant was sentenced to not less than seven nor more than ten years in the Illinois State Penitentiary, on the conviction of aggravated battery upon Barbara Gillum. The appellant takes the instant appeal from the court's finding.

Appellant argues that the State failed to prove the allegations of probation violation by a preponderance of the evidence, and that the application for warrant filed by the Probation Department, alleging violation of probation by appellant, simply stated that appellant had violated his probation in that on January 11, 1967, he appeared before a judge of the Circuit Court, charged with murder, and was held to the Grand Jury. The supplementary reports which described the shooting have been previously set out.

The appellant argues that from the documents presented he did not know with what violation of probation he was charged. Case law in this State has established certain procedural guidelines to follow in a hearing on violation of probation. The courts have stated that a probationer should know the nature of a charge against him, have the opportunity to be represented by counsel, and allowed a reasonable time in which to prepare his defense. People v. Price, 24 Ill App2d 364, 164 NE2d 528; People v. Kostaken, 16 Ill App2d 395, 148 NE2d

437

615; People v. Coffman, 83 Ill App2d 272, 227 NE2d 108.

When the appellant in the instant case appeared in court on August 2, 1967, represented by counsel, to show cause why his probation should not be terminated, he admitted under oath that he had a gun concealed on his person at the time in question. At no time during the hearing did the appellant or his counsel object to the charge against him, or to the procedure the court was following; nor did appellant request any additional time to present his defense.

■ ■ Our examination of the record, including the supplementary report of the probation officer, the remarks of appellant's counsel, and the testimony of appellant, convinces us that appellant was fully advised of the charge upon which probation was revoked. Besides, since this point was never raised before the trial court it cannot, for the first time, be raised before a court of review. State v. Headrick, 54 Ill App2d 44, 203 NE2d 157.

A question is raised as to whether or not the fact that the appellant was acquitted of the murder charge should require the court hearing the probation violation to disregard completely the occurrences that resulted in the murder charge. In People v. Kuduk, 320 Ill App 610, 51 NE2d 997, appellant had been acquitted of a manslaughter charge, but evidence of such charge was heard in proceedings to revoke probation. It was held that he was not made subject to double jeopardy as there was no abuse of the court's discretion since the standards of proof differed in the separate proceedings for revocation of probation as distinguished from trial upon the criminal charge. See also People v. Koning, 18 Ill App2d 119, 151 NE2d 103, and People v. Morgan, 55 Ill App2d 157, 204 NE2d 314.

■ In the instant case the trial judge stated:

"Based upon the fact that I cannot as a reasonable person accept the fact that a gun accidentally was drawn from his pocket and then fired twice without his hand being on the trigger. Based upon these facts and upon what appears to be a situation where this man has vicious propensities, especially when he is under the influence of alcohol, I find that he has violated the conditions of his probation and his probation is hereby revoked . . ."

We believe the judge was justified in finding by a preponderance of the evidence that appellant had violated the conditions of his probation.

The appellant also argues that the penalty imposed by the court was too severe. Chapter 38, section 117–3, Illinois Revised Statutes 1963, provides in part:

§ 117–3. Violation of Probation.)

. . .

(d) If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted.

██ In Supreme Court Rule 615 it is provided that the reviewing court on appeal may reduce the punishment imposed by the trial court. Under all the circumstances brought out in this case, we feel that setting the minimum sentence at seven years and the maximum at ten years is not in the best interests of either the community or the appellant. People v. Myers, 92 Ill App2d 129, 234 NE2d 811. Accordingly, the minimum sentence is reduced from seven years to two years. The judgment and sentence are modified to provide that the sentence imposed on appellant be confinement to the penitentiary for a term of not less than two years

nor more than ten years, and as so modified, the judgment is affirmed.

Judgment modified, and as modified, affirmed.

DRUCKER and ENGLISH, JJ., concur.