THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY SHADOWENS, Defendant-Appellant.

(No. 72-174;

Fifth District—March 16, 1973.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

Kenneth Powless, State's Attorney, of Marion, (Snyder Howell, Assistant State's Attorney, of counsel,) for the People.

PER CURIAM:

This is an appeal from an order of the circuit court of Williamson County revoking appellant's probation and imposing a sentence of one to three years' imprisonment. Appellant Larry Shadowens pleaded guilty to aggravated assault and was placed on probation for two years under the conditions of chapter 38, section 117—2(a) (1—4), Illinois Revised Statutes, including the provision against further violation of the law. Four months later a petition for revocation of probation was filed, alleging the commission of a second aggravated assault. A hearing was conducted at which facts indicating two incidents of assault were presented. In the first incident the complaining witness, Marvin Chamness, and one Norma Headrick Leonard appeared about 3:30 A.M. at the home of Jerry Nicholson, where her husband, John Leonard, and appellant were staying. Mrs. Leonard demanded that Leonard take her to his house to get clothes allegedly hers. Chamness and Mrs. Leonard were refused entry and asked to leave the premises. The dispute grew more heated, and Mrs. Nicholson handed appellant a shotgun belonging to her husband. When appellant appeared carrying the gun, Chamness and Mrs. Leonard retreated. Leonard claimed to have been too drunk to recall the incidents.

About noon that same day, Chamness appeared at Leonard's house with a man identified only as Tony to retrieve Norma Headrick's car which was stalled there during a previous attempt by her to retrieve her clothes. As Chamness approached, he saw Leonard and Shadowens on the front porch of Leonard's house. Chamness claimed that he raised the hood of the car, noticed that the coil wire was missing and looked again toward the porch, at which time he saw both Leonard and Shadowens pointing guns at him. Chamness stated that he was not armed and had to crawl behind the car as Tony drove it down the street until he could safely leave.

Shadowens claimed that upon finding the wire missing Chamness drew a pistol from his pocket. At this, Leonard, still drunk, picked up the shotgun and pointed it as Chamness and Shadowens took the gun away from Leonard to prevent violence. Shadowens stated that he pointed the gun at Chamness only while trying to engage the safety and that Chamness had then retreated. The sole impartial witness, a next-door neighbor, testified that she saw both Shadowens and Chamness with guns but was not sure who had "drawn" first. She further stated that Chamness quickly returned the gun to his pocket and crawled beside his car until he could stand out of the range of the shotgun. From this testimony, the trial judge found a probation violation and sentenced appellant to one to three years in prison.

■■ Appellant claims that the trial court erred in finding a probation

violation from the evidence presented. The State must prove a violation of probation not beyond a reasonable doubt but by a preponderance of the evidence. (*People v. Crowell*, 1 Ill.App.3d 868, 276 N.E.2d 509; *People v. Dotson*, 111 Ill.App.2d 306, 250 N.E.2d 174.) The credibility of witnesses and the weight to be given their evidence are matters for the finder of fact and should not be disturbed except where the evidence is so unsatisfactory as not to sustain the burden of proof. (*People v. Hampton*, 44 Ill.2d 41, 253 N.E.2d 385.) In the instant case the judge clearly considered all the evidence and made a factual finding that appellant did point the gun at Chamness and was not at all times acting properly within the scope of self-defense and did, in fact, commit an aggravated assault in violation of his probation. The trial judge undoubtedly had the best opportunity to hear the evidence, observe the demeanor of the witnesses, and make the factual determinations. The use of his discretion was not arbitrary here and will not be overturned by this court. *People v. Crowell*, 1 Ill.App.3d 868, 276 N.E.2d 509.

■■■ It is further claimed that the trial judge considered matters which were improper in that appellant had not been notified of the allegations concerning the first alleged incident. Appellant's counsel made no objections to this deficiency at the hearing and even called as a witness Mrs. Nicholson, a resident of the trailer where the night-time incident took place. All relevant facts surrounding the case should be taken into account to determine whether the probationer has been notified of the charges against him. Even if the probationer had no notice, the proper place for objection is the revocation hearing and the issue cannot be raised for the first time on appeal. (*People v. Whittaker*, 101 Ill.App.2d 432, 243 N.E.2d 467; *People v. Headrick*, 54 Ill.App.2d 44, 203 N.E. 157.) It is clear from the record that appellant received a "conscientious judicial determination * * * made according to accepted and well recognized procedural methods." *People v. Dotson*, 111 Ill.App.2d 306, 250 N.E.2d 174.

Appellant's last contention is that even if a violation occurred the trial court abused its discretion by imposing a sentence of from one to three years.

■■ At the time appellant was sentenced, aggravated assault carried a penalty of up to one year in a place other than the penitentiary or a fine not to exceed $1,000 or both, or one to five years in the penitentiary. (ch. 38, sec. 12—2(b), Ill. Rev. Stat.). The sentence imposed was clearly within those limits. However, the General Assembly has since enacted the Illinois Unified Code of Corrections in order to standardize sentences and correctional efforts. Under the new Code, aggravated assault is classified as a Class A misdemeanor, carrying a determinate penalty of up to one

year imprisonment or a fine not to exceed $1,000 or both. ch. 38, sec. 1005—8—3 and Table IV.

The Code provides in ch. 38, sec. 1008—2—4 that, if the prosecution of an offense has not reached the sentencing stage *or* "a final adjudication," the sentences under the Code apply if they are less than under the prior law upon which the prosecution was commenced. It is obvious that remandment of this case to the trial court for resentencing would require application of the new code in that court under the provisions of ch. 38, sec. 1005—5—4. In *People v. Barkley*, 1 Ill.App.3d 161, 273 N.E.2d 74, and *People v. McCloskey*, 2 Ill.App.3d 892, 274 N.E.2d 358, identical language in the Cannabis Control Act was held to require application on the newer sentencing provisions, on the theory that a case pending on appeal had not reached "a final adjudication" for sentencing purposes. The Appellate Court for the Fourth District has recently held that the provisions of the Unified Code of Corrections are applicable to cases on appeal. (*People v. Lobb*, 9 Ill.App.3d 650; *People v. Mize*, 9 Ill.App.3d 647). We find the logic of these cases to be persuasive, and we hold that the sentencing provisions of the Illinois Unified Code of Corrections are applicable. Accordingly, the judgment in this case is affirmed and the sentence modified to a term of one year.

Affirmed and modified.