The People of the State of Illinois, Plaintiff-Appellee, *v.* Robert L. Elliott, Defendant-Appellant.

(No. 72-67; ▮▮▮▮▮▮▮▮

Fifth District—April 10, 1973.

Kenneth L. Jones, of Defender Project, for appellant.

John H. Ward, State's Attorney, of Taylorville, (James W. Jerz, of Model District State's Attorneys Office, of counsel,) for the People.

PER CURIAM:

Defendant appeals from a judgment of the Circuit Court of Christian County sentencing him to not less than three nor more than ten years in the Illinois State Penitentiary after his plea of guilty to the crime of forgery.

The defendant raises a single issue on appeal: Was the sentence imposed by the trial court manifestly excessive?

This Court has determined that the provisions of the Illinois Unified Code of Corrections are applicable to appeals involving sentences imposed prior to January 1, 1973. (*People v. Shadowens,* 10 Ill.App.3d 450.) At the time defendant was sentenced, forgery was punishable by 1 to 14 years' imprisonment and/or a fine not to exceed $1000. Under the new Code, forgery is a class 3 felony, punishable by 1 to 10 years' imprisonment and a fine not to exceed the higher of $10,000 or the amount stated in the offense. Chapter 38, section 1005—8—1, directs that " * * * the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term."

An examination of the record indicates that the circuit court thoroughly investigated and duly considered all material factors bearing upon the proper sentence. (Defendant had an extensive history of prior offenses, including two burglary convictions and a previous conviction for decep-

tive practices.) The check involved in the instant offense was, according to defendant's statement, one of fifteen or more such checks passed in the period of a week.

Judgment affirmed.