THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY GRAYSON *et al.,* Defendants-Appellants.

(No. 55748; )

First District (1st Division)—June 11, 1973.

*Supplemental opinion filed August 9, 1973 upon denial of rehearing.*

James J. Doherty, Public Defender, of Chicago, (Nunzio D. Tisci and Shelvin Singer, Assistant Public Defenders, of counsel,) for appellants.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Gerald Collins, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE EGAN delivered the opinion of the court:

On February 21, 1969, both defendants pleaded guilty to armed robbery before Judge Robert J. Collins and were placed on probation for five years. In June, 1970, both were indicted for the armed robbery of Thaddeus Lukas, which took place on April 9, 1970, and were found not guilty in a bench trial before Judge Louis B. Garippo. On a hearing before Judge Collins to revoke their probation, the court heard the same identifying witnesses that had testified before Judge Garippo, revoked their probation and sentenced each to a term of three to eight years in the penitentiary. It is the position of the defendants that the finding by Judge Garippo precluded the State from relitigating the question of the robbery of Thaddeus Lukas under the doctrine of collateral estoppel.

At the revocation hearing Thaddeus Lukas testified that he was in his law office at 8801 South Commercial Avenue on April 9, 1970, when two men, he identified as the defendants, came into his office at 2:30 P.M. and robbed him. Both men struck him with their fists, and Hall with a revolver. The following day he identified Hall in a line-up and two days later he identified Grayson in a line-up. His brother, Edward Lukas, testified that he heard his brother screaming; and when he ran into his brother's office, he saw two men, he also identified as the defendants, beating his brother. He testified, contrary to his brother's testimony, that he saw Grayson the next day and Hall two days later.

The defendants did not testify but submitted a partial report of the proceedings before Judge Garippo, which contained no testimony but only the colloquy between the judge and lawyers and the judge's ruling. That record reflects that Judge Garippo, who had before him a motion to suppress identification, stated that the identification would not convince him beyond a reasonable doubt but that, since the line-up was satisfactorily conducted, he would deny the motion. A jury was then waived, it was stipulated that the evidence heard on the motion to suppress would be the same at the trial, and the judge found both defendants not guilty. Although we cannot tell from the report of proceedings what evidence Judge Garippo heard, since both sides have proceeded in this court on the assumption that he heard the same evidence that Judge Collins did, we shall also proceed on that assumption.

■■ Collateral estoppel, or estoppel by verdict, was defined in *Hoffman v. Hoffman*, 330 Ill. 413, 417, 161 N.E. 723, as follows:

> "Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication

in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not."

It has been described as a branch of the doctrine of *res judicata*. (ILP Estoppel, section 3, page 66.) In the annotation at 9 A.L.R. 3rd, page 203, the terms "res judicata" and "collateral estoppel" are used as though synonymous.

■■■ The identical question before us has been presented in a number of cases. In *People v. Kuduk*, 320 Ill.App. 610, 51 N.E.2d 997, one of the grounds assigned to revoke probation was driving while intoxicated. The probationer had been found not guilty of that offense. The court, in affirming the revocation of probation, relied primarily on the differences between the burden of proof in a criminal trial and a revocation hearing and rejected the argument that the acquittal at the trial was *res judicata* at the revocation hearing. Reviewing courts have consistently followed the *Kuduk* case. In *People v. White*, 98 Ill.App.2d 1, 4, 239 N.E.2d 854, the court said:

"[E]vidence is admissible on the issue of a revocation of probation for the very simple reason that proof of facts justifying revocation of probation may be established only by the greater weight of the evidence whereas evidence sufficient to convict must be proved beyond a reasonable doubt. The insufficiency of the evidence to prove the latter does not establish the insufficiency of the evidence to prove the former. * * * Evidence insufficient to warrant his conviction beyond a reasonable doubt of a violation of the criminal law may very well be evidence sufficient to establish that he had in fact violated the criminal law and to undermine, if not entirely explode, the thought that a continuation on probation will affect rehabilitation outside the penitentiary rather than in it."

■■■ The *Kuduk* case was cited in *People v. Whittaker*, 101 Ill.App.2d 432, 438, 243 N.E.2d 467, and the court rejected the same argument that is advanced here. Similarly, in *People v. Sluder*, 107 Ill.App.2d 177, 180, 246 N.E.2d 35, this court held, citing *Kuduk*, "[t]hat a probation revocation proceeding and a criminal proceeding are independent of one another and, accordingly, the result of one has no bearing on the other * * *."

All of the cases cited by the defendants are inapposite since each involves two separate criminal trials.

The judgment of the circuit court is affirmed.

Judgment affirmed.

BURKE, P. J., and GOLDBERG, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF PETITION FOR REHEARING

Mr. JUSTICE EGAN delivered the opinion of the court:

■■ In the petition for rehearing, the defendants contend that we "failed to appreciate that what was done below is prohibited by the Double Jeopardy Clause of the Fifth Amendment." We refer to the case cited by the defendants in their original brief and in the petition for rehearing, *Ashe v. Swenson*, 397 U.S. 436. That case held, as the defendants originally argued, that collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. (See also *People v. Joyner*, 50 Ill.2d 302, 278 N.E.2d 756.) We wish to make it clear that, when we held that the State was not collaterally estopped, we were also holding that, therefore, there had been no violation of the defendants' rights under the Fifth Amendment.

■■ The defendants also contend, for the first time, that due process requires proof beyond a reasonable doubt at a revocation hearing and that, since the prosecution seldom proceeds with revocation proceedings after an acquittal, the defendants have been discriminately prosecuted and, therefore, denied equal protection of the laws. Since these arguments were not advanced in the original hearing, they are deemed waived. Supreme Court Rule 341(e)(7); Ill. Rev. Stat. 1971, ch. 110A, § 341(e)(7); *Sobina v. Busby*, 62 Ill.App.2d 1, 210 N.E.2d 769.

Moreover, in *People v. Crowell*, 53 Ill.2d 447, 450-451, the Illinois Supreme Court held that a violation of the conditions of probation need be proved only by a preponderance of the evidence. We further find no merit in the defendants' contention that they were denied equal protection of the laws.

We adhere to our original opinion, and the defendants' petition for rehearing is denied.

BURKE, P. J., and GOLDBERG, J., concur.