THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EMMETT M. HAMM, Defendant-Appellant.

(No. 72-189;

Fifth District—October 18, 1974.

Robert E. Farrell and Richard E. Cunningham, both of State Appellate Defender's Office, of Mt. Vernon, and Kelly B. Hardwick, Senior Law Student, for appellant.

John H. Ward, State's Attorney, of Taylorville (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant pled guilty in the Circuit Court of Christian County to two charges of aggravated incest and waived a hearing in aggravation and mitigation. On April 13, 1972, he was sentenced pursuant to a plea agreement to serve a minimum of 5 and a maximum of 20 years in the penitentiary.

■■ The sole issue is whether the defendant's minimum sentence is excessive under the new Illinois Unified Code of Corrections. At the time of his sentence the penalty for aggravated incest was not less than 2

and not more than 20 years imprisonment in the penitentiary. (Ill. Rev. Stat. 1971, ch. 38, par. 11—10(c).) However, it is now well settled that the Code is applicable to currently pending appeals from sentences imposed before the Code became effective. (*People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1; *People v. Shadowens,* 10 Ill.App.3d 450, 294 N.E.2d 107.) Aggravated incest is classified as a Class 2 felony (Ill. Rev. Stat. 1973, ch. 38, par. 11—10). The Code provides that:

"* * * for a class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).

When we say that the Code is applicable, we must approach the case as though the sentencing provisions of the Code were in force at the time of the trial. If section 5—8—1(c)(3) had been in effect, the defendant would have been faced with different considerations when he decided how to plead. The possible minimum sentence would have been half of what it formerly was, 1 year instead of 2. (Ill. Rev. Stat. 1971, ch. 38, par. 11—10(c).) This would have affected the plea agreement or perhaps even his decision to enter into such an agreement. Under these circumstances, we could remand to permit the defendant to plead anew or give the defendant the benefit of the statute by reviewing his sentence. The latter course appears to be wiser. Where defendant has pled pursuant to a plea agreement and does not allege any violation of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), justice does not require that a defendant be allowed to rescind an otherwise entirely valid plea agreement. Adequate relief can be afforded defendant by reducing his sentence in accordance with the change in the statute. The sentence is hereby modified so that defendant must serve not less than 2½ years and not more than 7½ years in the penitentiary.

Judgment affirmed, sentence modified.

EBERSPACHER and CREBS, JJ., concur.