THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARTHA BIEDERMAN, Defendant-Appellant.

Second District    No. 80-615

Opinion filed September 25, 1981.

William R. Beu, of Rockford, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Paula R. Johnson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was found guilty by a Winnebago County jury of aggravated battery and mob action on May 9, 1980. (Ill. Rev. Stat. 1979, ch. 38, pars. 12—4(b) and 25—1(a)(1).) The charges resulted from defendant's participation in a counterdemonstration against a Nazi rally held in Sinnissippi Park in Rockford, Illinois, on September 15, 1979, during which a police officer was injured. Defendant's motions for a new trial and judgment notwithstanding the verdict were denied. The court sentenced the defendant to a 12-month period of conditional discharge on July 11, 1980, for the aggravated battery offense. Defendant now appeals, raising six issues, one of which concerns the mob action offense. Although the State did not raise the issue, we determine the appeal must be dismissed without consideration of the merits of these issues for lack of a final, appealable order.

■■■ Before the merits of an appeal are addressed, the appellate court first has the duty to determine whether it has jurisdiction. (*People v. Williams* (1977), 53 Ill. App. 3d 335.) Appellate courts, subject to statutory exceptions, are without jurisdiction to review judgments, orders, or decrees which are not final. (*People v. Culhane* (1975), 34 Ill. App. 3d 158.) In a criminal case, a final judgment is that which terminates the litigation on its merits and usually that consists of a judgment of guilt and the imposition of a sentence. *In re A.M.* (1981), 94 Ill. App. 3d 86.

■■ The conditional discharge order in the instant cause specifically recited: "The matter of restitution is reserved for a period of 30 days for further order of this court." This order was entered on July 11, 1980, thus reserving jurisdiction in the court until August 10, 1980. Defendant's notice of appeal, however, was filed on August 5, 1980, at which time appellate court jurisdiction attached instanter and the trial court was concomitantly deprived of jurisdiction. (*People v. Baker* (1980), 85 Ill. App. 3d 661, 662.) Consequently, no final appealable order was ever entered. Although our research has not disclosed a case in which these precise circumstances have occurred before, we believe the effect of the premature filing of the defendant's notice of appeal was to suspend the trial court's jurisdiction and that the trial court has time remaining out of the original 30-day period it had reserved to itself to consider whether or not to order restitution pursuant to section 5—6—3(b)(9). Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3(b)(9).

■■ We note defendant failed to include an appendix to her brief, and failed to supply either a verbatim transcript of the post-trial/sentencing proceedings, a bystander's report, or an agreed statement of facts. (Ill. Rev. Stat. 1979, ch. 110A, par. 612.) Also, we are unable to determine from the record whether a judgment was ever entered by the court on the verdict of guilty of mob action. Clearly no sentence order appears of record for that offense; thus, we have no jurisdiction to consider any issue relating to that charge either. *People v. Cook* (1981), 94 Ill. App. 3d 73.

Accordingly, this appeal is dismissed.

Appeal dismissed.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.