THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MILO SWIERCZ, Defendant-Appellant.

First District (5th Division)    No. 80-2595

Opinion filed January 22, 1982.—Supplemental opinion filed on denial of rehearing March 12, 1982.

Suzanne Philbrick, of Oak Lawn, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Joel A. Stein, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MEJDA delivered the opinion of the court:

Defendant Milo Swiercz was charged with obstructing a police officer pursuant to section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 31—1). Following a bench trial, defendant was found guilty and was sentenced to a term of periodic imprisonment of 18 weekends. After a hearing on post-trial motions, the trial court reduced the term of periodic imprisonment to 10 weekends and denied motions for a new trial and to arrest judgment. Defendant's application for probation was also denied. On appeal defendant contends that: (1) the police officer was not performing an "authorized act" for the purposes of section 31—1; (2) he was not proved guilty beyond a reasonable doubt; (3) he did not receive effective assistance of counsel; and (4) the sentence imposed was excessive in view of the circumstances.

The State's evidence revealed that on March 3, 1980, Oak Lawn police officer Robert Ruger responded to a radio dispatch regarding a disturbance at an apartment building at 9317 South Harlem Avenue, Oak Lawn. Upon arriving at the building Officer Ruger was told by Mrs. Wyatt that she had been hit by her husband, who, she explained, had afterwards walked to apartment 9B across the hall, where he remained with a friend. Mrs. Wyatt told the officer that apartment 9B did not belong to this friend but that it belonged to his girlfriend.

Officer Ruger, dressed in his police uniform, then went across the hall to apartment 9B and identified himself. Defendant opened the door and asked the officer, "What do you want?" Officer Ruger responded, "Would you ask Carl Wyatt to please come out. I want to talk to him." The officer explained to defendant that he was seeking Wyatt because he had hit his wife. The defendant responded, "Carl Wyatt is not here and you are not coming in." Officer Ruger then repeated that he wanted to see Carl Wyatt.

As Officer Ruger was speaking, the defendant attempted to close the door but the officer placed his foot in the threshold to prevent the door from closing. Defendant meanwhile repeatedly asserted that the police had no right to enter the apartment. Defendant then attempted a second time to close the door, but the officer's foot remained in the threshold. Officer Ruger then opened the door with his hand and entered the apartment, walking around defendant. The defendant then stood in front of two additional police officers who were also responding to the radio call and who had just arrived at the scene.

At this moment Officer Ruger announced that defendant was under arrest. Then, from his vantage in the foyer, Officer Ruger saw a man sitting in a kitchen area to the right. The officer asked, "Carl Wyatt?" The man responded, "Yes." Officer Ruger then placed Carl Wyatt under arrest for battery.

Defendant testified that on March 3, 1980, he had been given the key to apartment 9B by his girlfriend at her place of employment. The rent to this apartment was being paid by both defendant and his girlfriend. Defendant was at the apartment in the company of someone known to him only as "Corky" when he heard someone beating on the door. Defendant opened the door and a police officer asked if Carl Wyatt was there. Defendant responded, "Who?" The officer stated that he was coming in. Defendant asked the officer if he had a warrant, to which the officer replied, "No." At this time Officer Ruger walked around defendant and placed him under arrest.

Defendant further testified that he never intended to prevent the officer from making a lawful arrest. He explained his actions by stating that he did not know that "Corky" was in fact Carl Wyatt; the hallway into the apartment was very narrow; and everything happened in less than a minute which left him "fuddled and confused."

The trial court found defendant guilty and ordered a presentence investigation. On August 12, 1980, defendant was sentenced to a term of periodic imprisonment of 18 weekends. Then, on August 19, 1980, defendant filed several post-trial motions including his motion for a new trial, motions to arrest judgment, to reduce sentence, and for a stay of mittimus. At the hearing on September 26, 1980, the trial court reduced the sentence to a period of 10 weekends and denied all other motions; defendant filed his notice of appeal on the same date.

Opinion

The State initially challenges the jurisdiction of this court to consider this appeal on the grounds that defendant has not timely filed notice of appeal.

Illinois Supreme Court Rule 606(b) (73 Ill. 2d R. 606(b)) governs the time for filing criminal appeals. It reads in pertinent part:

> 7"[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion."

■■ Ordinarily the final judgment in a criminal case is the sentence (*People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283), thus the sentencing commences the 30-day period. However, here defendant has filed a series of post trial motions which are clearly directed to the judgment. Not only does public policy favor that errors be corrected at the trial level (*People v. Robins* (1975), 33 Ill. App. 3d 634, 338 N.E.2d 222), but by virtue of the filing of the post trial motions the judgment would not have been final and appealable until such motions had been

ruled upon by the trial court. (See *Bissett v. Gooch* (1980), 87 Ill. App. 3d 1132, 409 N.E.2d 515.) Accordingly, the time for appeal commenced with the denial of these motions. (Compare *People v. Clark* (1979), 80 Ill. App. 3d 46, 399 N.E.2d 261.) Since the instant notice of appeal was filed on the same date as the denial of defendant's post-trial motions, it was timely filed.

We now consider the merits of defendant's primary contention that he was not proved guilty beyond a reasonable doubt of obstructing a police officer where the police officer was not performing an "authorized act" for the purposes of section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 31—1).

Section 31—1 of the Criminal Code of 1961 provides that "[a] person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor." (Ill. Rev. Stat. 1979, ch. 38, par. 31—1.) Defendant argues that the officer's warrantless, nonconsensual and forcible entry into the apartment in which he had an expectancy of privacy violated the Fourth Amendment in view of the United States Supreme Court holdings in *Steagald v. United States* (1981), 449 U.S. 919, 68 L. Ed. 2d 38, 101 S. Ct. 1642, and *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371. Defendant concludes that such an unconstitutional police entry could not constitute an "authorized act" for the purpose of section 31—1.

The State, relying on the Illinois Supreme Court decision in *People v. Locken* (1974), 59 Ill. 2d 459, 322 N.E.2d 51, strongly argues that notwithstanding *Steagald* and *Payton*, defendant was properly convicted of resisting a police officer where it was proved that defendant knowingly and wilfully impeded the officer's attempt to arrest Carl Wyatt. The State further argues that the instant police action was justified by exigent circumstances and therefore was constitutional and under the holdings in *Steagald* and *Payton*.

We have carefully reviewed the record in the instant case and are of the opinion that the *Locken* ruling does not apply to the circumstances of the police activity here. In *Locken* our supreme court noted that section 7—7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 7—7) provides that a person is not authorized to use force to resist an arrest which he knows is being made by a police officer even if he believes the arrest is unlawful and the arrest is in fact unlawful. The supreme court held that this section is to be read together with section 31—1, and that therefore the making of an unlawful arrest is to be considered an "authorized act" for purposes of section 31—1. Consequently, under *Locken*, the obstruction of even an unlawful arrest by a known officer

would be a violation of section 31—1. The essential element of a *Locken* situation, however, is the undertaking of an arrest by the police officer. We find no provision in *Locken* concerning obstruction of an unlawful entry into a person's home by a known officer which is comparable to section 7—7.

■■ In view of the record, we do not regard the instant officer's actions to have been the undertaking of an arrest. There was no evidence adduced at trial to indicate that an arrest was attempted or even contemplated by Officer Ruger at the time defendant denied him entry into the apartment. To the contrary, Officer Ruger's own testimony was that he merely sought Carl Wyatt for the purpose of speaking to him and that at no time did the officer even request entry into the apartment. Instead, the officer merely asked defendant from the doorway, "Would you ask Carl Wyatt to please come out. I want to talk to him." We are convinced that defendant was convicted on the basis of his conduct which impeded the officer from entering the apartment in order to conduct a search for Carl Wyatt for the purpose of interrogating him. Under the fourth amendment, absent exigent circumstances or consent, a home may not be searched without a warrant. (See *Steagald*.) Here there has been no showing of exigent circumstances. Accordingly, we do not consider the officer's entry to be an "authorized act" for the purpose of section 31—1.

■■ Additionally, we cannot conclude that defendant's failure to ask Carl Wyatt to please come out alone establishes beyond a reasonable doubt that defendant physically imposed an obstacle which impeded the officer's stated mission to speak to Wyatt outside the apartment. Nor does the evidence support the conclusion that defendant physically aided Wyatt to avoid arrest. (See *People v. Weathington* (1980), 82 Ill. 2d 183, 411 N.E.2d 862.) In addition, in our opinion defendant's uncontroverted and unimpeached testimony to the effect that he did not know his companion's name was in fact Carl Wyatt does not appear so improbable or incredulous that it should be totally disregarded. See *People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 430 N.E.2d 1126.

We think that in considering the totality of the circumstances, defendant was not proved guilty beyond a reasonable doubt of violating section 31—1. In view of our conclusion, we do not consider the remaining issues addressed in defendant's appeal.

Therefore, for the reasons stated, the judgment of the circuit court is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE MEJDA delivered the opinion of the court:

■■ The State, in a petition for rehearing, contends that we "completely overlooked or misapprehended a fact of crucial significance" namely, that defendant's post-trial motions were not timely filed pursuant to sections 116—1 and 116—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, pars. 116—1, 116—2), and that therefore the notice of appeal was not timely filed after such post-trial motions were denied. The point here presented was not argued in the State's brief and therefore cannot be raised for the first time in a petition for rehearing. 73 Ill. 2d R. 341(e)(7); *People v. Grant* (1976), 42 Ill. App. 3d 790, 356 N.E.2d 933; *People v. Grayson* (1973), 13 Ill. App. 3d 1049, 301 N.E.2d 33.

We adhere to our original opinion, and the defendant's petition for rehearing is denied.

SULLIVAN, P. J., and WILSON, J., concur.