THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERNON CARROLL SCRUGGS, Defendant-Appellant.

Second District   No. 2—86—0451

Opinion filed October 15, 1987.

Gordon F. DeHart, of Aurora, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville, and Barbara J. Slingerland, of Springfield (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Vernon C. Scruggs, was found guilty of a violation of section 11—501(a)(1) of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)) (DUI) in the circuit court of Kendall County. Defendant was fined $100 and ordered to pay court costs. Defendant's motion in arrest of judgment (Ill. Rev. Stat. 1985, ch. 38, par. 116—2) was denied at the time of sentencing, January 9, 1986, and he appeals.

■ After defendant's brief was filed, this court ordered defendant to file an appendix in accordance with Supreme Court Rule 342(a) (107 Ill. 2d R. 342(a)) and a supplemental statement of facts with appropriate citations to the record as required by Supreme Court Rule 341(e)(6) (107 Ill. 2d R. 341(e)(6)). While defendant complied with the appendix requirement, his amended brief continues to be in violation of Supreme Court Rule 341(e)(6) in that it fails to provide citations to the record for the facts recited therein. Furthermore, defendant is in

violation of Supreme Court Rules 323(c) and (d) (107 Ill. 2d Rules 323(c), (d), 612(c)) for his failure to afford this court a bystander's report or an agreed statement of facts in the absence of a verbatim transcript.

■ The appellant has the burden of including those matters in the record necessary for the issues to be reviewed. (*People v. Lenninger* (1980), 88 Ill. App. 3d 801, 410 N.E.2d 1157.) The lack of a report of proceedings in the trial court requires that the appellate court affirm issues which may depend on missing facts for their resolution. (*Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246.) However, where the issues are solely questions of law the absence of a transcript or its authorized substitute will not bar review by the appellate court. *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131.

On appeal, defendant contends: (1) "DUI-Alcohol" does not state an offense; and (2) the crime of driving while under the influence of alcohol and driving when the alcohol concentration in a person's blood or breath is 0.10 or more are separate and distinct crimes (but defendant fails to tell us the purpose for his arguing the alleged distinction).

While not raised by the State, we undertake to determine whether we have jurisdiction to entertain this appeal. It is the duty of the appellate court to consider its jurisdiction to hear an appeal whether or not the issue has been raised by the parties. *People v. Biederman* (1981), 100 Ill. App. 3d 558, 426 N.E.2d 1225.

■ A notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment, or if a motion directed against the judgment is timely filed, within 30 days of the entry of the order disposing of the motion. (107 Ill. 2d R. 606(b); *People v. Swiercz* (1982), 104 Ill. App. 3d 733, 432 N.E.2d 900; *People v. Clark* (1979), 80 Ill. App. 3d 46, 399 N.E.2d 261.) Procedural rules are binding upon defendants in criminal cases, and, therefore, notices of appeal from adverse judgments must be timely filed. (*People v. Stacey* (1977), 68 Ill. 2d 261, 267, 369 N.E.2d 1254.) A defendant may not seek review of a conviction where his appeal was not properly perfected. (*People v. Nogas* (1974), 18 Ill. App. 3d 279, 309 N.E.2d 651 (abstract of opinion).) The filing of a notice of appeal is jurisdictional, and the appellate court has no discretion to extend its jurisdiction. *People v. Williams* (1980), 82 Ill. App. 3d 681, 402 N.E.2d 440.

The common law record in this cause discloses that defendant was found guilty on December 13, 1985. On January 9, 1986, the sentence was entered and defendant's motion in arrest of judgment was de-

nied. The 30-day period for filing defendant's notice of appeal began to run January 9, 1986, and ended February 8, 1986.

On February 7, 1986, the trial court continued the case to March 21, 1986. The court stayed notification of the Secretary of State and payment of the fine and ordered that defendant's oral motion to reconsider the denial of defendant's January 9, 1986, motion in arrest of judgment be filed on or before February 26, 1986.

■ We have found no authority in the supreme court rules or sections 116—1 and 116—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1985, ch. 38, pars. 116—1, 116—2) permitting the trial court to allow a motion for reconsideration of the denial of a post-trial motion to be filed (here, February 26, 1986) beyond the 30-day period established by Supreme Court Rule 606(b). (107 Ill. 2d 606(b); *cf. Sears v. Sears* (1981), 85 Ill. 2d 253, 258, 422 N.E.2d 610, quoted in Ill. Ann. Stat., ch. 110, par. 2—1202, Historical and Practice Notes, at 72 (Smith-Hurd 1983) (a second post-judgment motion is unauthorized under the Code of Civil Procedure).) Indeed, our supreme court has held that procedural rules are binding on defendants. (*People v. Stacey* (1977), 68 Ill. 2d 261, 267, 369 N.E.2d 1254.) Thus, the trial court's February 7, 1986, order was a nullity as to its effect in tolling the time within which defendant could appeal, being within 30 days of the denial of the first motion directed at the judgment.

The notice of appeal was filed May 20, 1986, more than three months after the expiration of the period for the filing of the notice of appeal. Therefore, this court has no jurisdiction to entertain this appeal, and we dismiss it.

Dismissed.

REINHARD and UNVERZAGT, JJ., concur.