THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHAWN ALLAN SPRACKLEN, Defendant-Appellant.

Third District   No. 3—02—0346

Opinion filed December 19, 2002.

Spencer Lee Daniels, of Peoria, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Chawn Allan Spracklen, was charged with driving under the influence (625 ILCS 5/11—501(a)(2) (West 1998)). After filing a written waiver of his right to a trial by jury, he moved to withdraw his waiver. His motion was denied. Following a bench trial, the defendant was found guilty and sentenced to one year of conditional discharge. On appeal, he argues that he did not knowingly and understandingly waive his right to a jury. We reverse the denial of the defendant's motion to withdraw his jury waiver, vacate his conviction, and remand for further proceedings.

## BACKGROUND

On July 25, 1999, the defendant was issued a citation for driving under the influence. He submitted a written demand for a jury trial on August 9, 1999. After multiple continuances, however, he filed a written waiver of his right to a jury trial. This document includes the

defendant's signature and the hand-written date "7-11-01," but was not file stamped by the trial court. The waiver document states, "I further waive my right to have these proceedings recorded verbatim by a court reporter."

The record does not include a verbatim transcript of any proceeding in which the defendant waived his right to a jury. The record also does not include a bystander's report, an agreed statement of facts, or other record of such a hearing. The record is devoid of a docket sheet entry or other document to indicate that the defendant appeared in open court concerning his jury waiver. However, a court document, which is file stamped August 17, 2001, states that the defendant's case was "set for Bench trial on September 28, 2001."

Following another series of continuances and the substitution of a new defense attorney, the defendant filed a "Motion To Vacate Withdrawal Of Jury Demand," on February 20, 2002. The record includes a transcript of the hearing on this motion held on March 18, 2002.

At the hearing, the defendant was the sole witness. He testified that on the day he signed the jury waiver document, he had "a Court date." The defendant spoke with his former attorney by phone prior to coming to the courthouse. According to the defendant, his former attorney wanted the defendant to meet one of the former attorney's associates at the courthouse for the defendant "to sign a waiver."

On direct examination, the defendant claimed that his former attorney did not discuss with him what the jury waiver meant. The defendant said that the attorney only told him that "it's a waiver for a jury and that way we will have a bench." The defendant claimed that when he asked the attorney what he meant by a "bench," the attorney "said no more and that was it." On cross-examination, however, the defendant admitted that his former attorney explained the meaning of a bench trial by saying "that you go in front of a Judge."

The defendant submitted that when he signed the jury waiver document, he "figured we were just waiving it for that day, to give [his attorney] more time to process the paperwork and get everything prepared." The defendant said that after he signed the waiver document at the courthouse, he did not go into a courtroom or "in front of a Judge."

At the conclusion of the hearing, Judge Erik I. Blanc stated that he found the defendant's testimony not to be credible. Judge Blanc said:

> "Judge Nemenoff took this waiver and in my experience[,] Judge Nemenoff is thorough about advising people of their rights.
> * * *

This case is currently 2 and a half years old. I specifically find that this is an effort by the Defendant to further delay this case and the Motion is denied."

Following a bench trial, the defendant was found guilty and was sentenced. The defendant appealed.

## ANALYSIS

The defendant argues that he did not knowingly and understandingly waive his right to a jury trial. The State contends that the defendant's uncorroborated testimony is insufficient to overcome the presumption that the trial judge questioned the defendant concerning waiver of his right to a jury. The State also submits that because the defendant failed to include a report of the proceedings in which he moved to withdraw his jury waiver, we must affirm. We disagree with both of the State's contentions.

■ The State is correct that, as the appellant in this case, it is the defendant's burden to include those matters in the record necessary for the issues to be reviewed. The lack of such a record from the trial court requires that we affirm issues which may depend on missing facts for their resolution. *People v. Scruggs,* 161 Ill. App. 3d 468, 514 N.E.2d 807 (1987). Failure to demonstrate the existence of error in the record creates a presumption of regularity that attaches to all trial court proceedings. *People v. Majer,* 131 Ill. App. 3d 80, 475 N.E.2d 269 (1985).

However, in this case, the defendant has supplied us with the transcript of the hearing on his motion to withdraw his jury waiver, which includes the facts regarding the issue before us. It would be a logical absurdity for us to require the defendant to produce a record of a proceeding that he claims never took place, *i.e.,* a hearing in which he waived his right to a jury. Therefore, we disagree with the State's contention that the record supplied to us by the defendant is inadequate.

■ The State cites *Marin v. Grimm,* 37 Ill. App. 3d 979, 347 N.E.2d 418 (1976), for the proposition that the defendant's uncorroborated testimony was insufficient to overcome the presumption that the trial judge followed the proper procedure in accepting the defendant's jury waiver. *Marin* concerned whether a sheriff's return of service was sufficient to overcome the defendant's affidavit saying that she was not served with process. The *Marin* court said that the sheriff's return of service was sufficient.

*Marin* is inapplicable to the present case both because it concerned a civil matter and because it concerned which of two competing documents in the record would prevail. The instant case is a criminal mat-

ter and does not concern competing documents. Thus, *Marin* is inapposite to the present case. We reject the State's contention that the defendant's uncorroborated testimony was insufficient to overcome the presumption that the trial judge questioned the defendant concerning waiver of his right to a jury.

Every person accused of an offense has the right to a jury trial unless that right is understandingly waived in open court. 725 ILCS 5/103—6 (West 2000). The Illinois Supreme Court has stated that a written jury waiver, standing alone, is insufficient to prove a valid waiver of the right to trial by jury. The court said that it never has found a valid jury waiver unless the defendant was present in open court when a jury waiver was at least discussed. It is necessary for a defendant to acknowledge in open court his knowing and understanding waiver of his right to trial by jury. *People v. Lindsey*, 201 Ill. 2d 45, 772 N.E.2d 1268 (2002); *People v. Scott*, 186 Ill. 2d 283, 710 N.E.2d 833 (1999). The decision concerning whether to allow a defendant to withdraw a jury waiver is within the trial court's sound discretion. *People v. Montgomery*, 192 Ill. 2d 642, 736 N.E.2d 1025 (2000).

In this case, the record does not include any document indicating that the defendant knowingly and understandingly waived his right to a jury trial in open court. His written jury waiver standing alone is insufficient. The legal standard for whether the defendant's right to a jury trial was knowingly and understandingly waived in open court does not include weighing the credibility of the defendant's testimony against the judge's opinion of how thorough another judge may be. The legal standard also does not include whether the judge believes that the defendant is attempting to delay the proceedings. Therefore, we hold that the trial court abused its discretion by denying the defendant's motion to withdraw the waiver of his right to trial by jury.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the Tazewell County circuit court denying the defendant's motion to withdraw his jury waiver. We vacate the defendant's conviction and remand for further proceedings.

Reversed and remanded.

LYTTON, P.J., and McDADE, J., concur.