THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VICKIE LINN WILSON, Defendant-Appellant.

Fourth District    No. 4—90—0805

Opinion filed July 23, 1991.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On October 13, 1983, defendant Vickie Linn Wilson was indicted for the offenses of felony retail theft (Ill. Rev. Stat. 1983, ch. 38, pars. 16A—3(a), 16A—10(2)) and battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—3). Defendant was tried before a jury on September 24, 1990, and convicted of the offense of felony retail theft. Defendant was sentenced to 30 months' probation, with 45 days to be spent in the county jail, and ordered to pay fines totaling $220. On appeal, defendant contends (1) the State failed to prove defendant's prior retail theft conviction; (2) the trial court erred in tendering to the jury an instruction patterned after section 16A—5 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 16A—5); and (3) the trial court erred in sentencing when it considered defendant's unemployment status. We conclude her conviction must be reduced to a misdemeanor, and remand for resentencing.

Kim Witzig was employed as a loss-prevention agent for Montgomery Ward on October 2, 1983. At approximately 2:40 p.m., Witzig observed defendant along with another female, later identified as her sister, Lisa Wilson, crouched down in front of the computer game display in the toys and sporting goods department. Witzig saw defendant and her sister leave the toys and sporting goods department and proceed to the southeast corner of the store to the lawn and garden department. Here, they met an older woman, who was later identified as their mother. At this time, the women had nothing in their hands except their purses. The women proceeded to the children's department where both defendant and Lisa selected some children's clothing. Witzig observed the mother produce an empty Montgomery Ward shopping bag from her purse which she held open while defendant and Lisa put children's Levi jeans inside the bag. Their mother continued to carry the bag. Witzig observed all of this from a hidden observatory on the second floor.

Witzig paged another security officer, Dave Deerwester, who was working the floor of the store in plainclothes. Deerwester responded to the page by picking up a phone located behind a cash register. Because defendant was watching Deerwester during this time, Witzig instructed Deerwester to leave the store, which he did.

Later, Lisa, who was now carrying the Montgomery Ward's bag, and defendant exited the mall without paying for the items. As the two left, they began to run. Witzig chased them to their car, identifying himself as a store security guard. Witzig tried to get into the passenger side of their car; however, he was locked out. Witzig

then ran to the driver's side and pulled the keys from the ignition. He got into the car to get the merchandise and the women began to scratch and hit him. Their mother then came out of the store and began to help defendant and Lisa.

During the struggle, Witzig kicked defendant in the midsection. Defendant stated she was pregnant and, after taking defendant's and the older woman's identification, Witzig allowed the two to drive to the hospital. Witzig testified he kicked defendant in self-defense.

Witzig testified he had had previous contact with defendant in early September 1983. Defendant was at that time in the Montgomery Ward's store with a couple of women. Witzig observed one of the other women take an empty Montgomery Ward's bag from her purse and watched as defendant and the other women put children's clothing in the bag. Defendant carried the bag around the store and Witzig proceeded to follow her. However, Witzig was spotted by the other two women, who then told defendant. The three women all looked at Witzig, waved at him, and walked out of the store, leaving the bag behind.

Lisa Wilson testified that on October 2, 1983, she went to Montgomery Ward with her mother and defendant. The purpose of the shopping trip was so their mother could purchase a globe for her ceiling fan. While the three were shopping, Lisa noticed her mother had a bag of merchandise and defendant was feeling ill. Because of the illness, defendant went to the car to wait for her mother and sister. Lisa carried the bag of merchandise out of the store. Lisa testified defendant had not taken anything from the store or put anything into the bag.

Lisa testified as she left the store to go to the car, she was followed by Kim Witzig. Witzig had not identified himself at this time. Lisa got into the passenger's side of the car and Witzig attempted to get in too. Witzig then went to the driver's side and grabbed the keys out of the ignition. A struggle ensued between Witzig, Lisa, and defendant. Defendant tried to prevent Witzig from hurting Lisa, who was also pregnant.

On cross-examination, Lisa admitted she suspected the goods inside the bag were stolen. Prior to defendant's trial, Lisa had pleaded guilty to her participation in the offense.

Defendant testified that on October 2, 1983, she was shopping with her sister and mother. The three women were shopping separately, but when they got together, defendant noticed her mother had a bag. When defendant asked her mother if she had bought

something, her mother answered "Shh." Defendant interpreted this to mean her mother had not paid for the items. Defendant testified she did nothing to assist her mother in planning to steal the items or in actually taking the goods from the store. Defendant was beginning to feel ill due to her pregnancy, and told her mother she was going to wait for them in the car.

Shortly thereafter, Lisa came out of the store with a bag and was pursued by Kim Witzig. Lisa jumped into the passenger's side of the car. Witzig went around to the driver's side and grabbed the keys from the ignition. Lisa then got out of the car and began arguing with Witzig. Defendant testified Witzig then hit Lisa in the stomach. Defendant jumped out of the car and tried to protect Lisa from Witzig. It was during this time defendant was kicked in the stomach.

■ Defendant was charged with the act of felony retail theft in 1983, but was not tried until 1990. At the time defendant was charged with the offense, the State was required to prove the prior conviction as an element of the offense. (Ill. Rev. Stat. 1983, ch. 38, par. 16A—10(2).) Effective January 1, 1988, the retail theft statute was amended to state that a prior conviction, while having to be charged in the indictment or information to give notice the State was seeking a felony conviction, but was not an element of the offense. (See Ill. Rev. Stat. 1987, ch. 38, par. 16A—10(2).) This amendment was substantive in nature and was not to be applied retroactively. *People v. Jennings* (1989), 181 Ill. App. 3d 439, 537 N.E.2d 6.

The indictment charging defendant with felony retail theft alleged defendant had a 1980 conviction for retail theft in Macon County. However, this was never proved as an element at trial. Defendant testified she had a previous conviction for retail theft, but the jury was instructed to consider this offense only for purposes of impeachment. The State admitted a certified copy of defendant's previous conviction into evidence; the record does not indicate, however, this ever went to the jury. The testimony surrounding the admission of the certified copy indicates it was only to be used for purposes of impeachment. It is clear from the record the court, prosecution, and defense counsel were of the opinion defendant's prior conviction was not to be made an element of the offense.

■ Under similar circumstances, the Illinois Supreme Court has ruled where the State was required to prove a felony to sustain a charge of unlawful use of a weapon by a felon, and the jury re-

ceived evidence of that felony as well as an instruction the prior felony be used only for impeachment, defendant's conviction for unlawful use of weapons by a felon could not stand. (*People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496.) Moreover, defendant is not estopped from asserting this issue even though defense counsel failed to raise it at trial or in a post-trial motion. The failure to prove a material allegation of an indictment beyond a reasonable doubt is fatal to the judgment of conviction and the question may be raised for the first time upon review. *People v. Walker* (1955), 7 Ill. 2d 158, 130 N.E.2d 182.

This case is factually different from our decision in *People v. Rice* (1985), 137 Ill. App. 3d 285, 484 N.E.2d 514. In *Rice*, we held the defendant had failed to properly preserve for review the issue of whether the State's failure to prove his prior conviction prior to the trial court's finding of guilty precluded enhancement of misdemeanor retail theft to felony retail theft. At a bench trial, the defendant was found guilty of misdemeanor retail theft. At the close of the trial, the defendant failed to object to the State's request to postpone judgment until the sentencing hearing so the State could prove the prior retail theft conviction. During the sentencing hearing, the defendant did not object to admission of the prior conviction for purposes of proving felony retail theft. Defense counsel further stated there was no objection to the court entering judgment on the conviction. We found, in light of defendant's knowledge of the State's intent to prove the prior theft in order to secure a conviction for felony retail theft as was alleged in the information, fairness required application of the waiver rule. *Rice*, 137 Ill. App. 3d at 286-87, 484 N.E.2d at 514-15.

■ Here, judgment was entered for the offense of felony retail theft even though the prior theft was *never* proved. Accordingly, defendant's felony retail theft conviction must be reduced to a misdemeanor retail theft and the cause is remanded for resentencing.

■ We find no merit to defendant's second contention, in which she alleges the trial court erred in tendering to the jury an instruction patterned after section 16A—5 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 16A—5). This statute provides a merchant who has reasonable grounds to believe a person has committed retail theft may detain such person in a reasonable manner and for a reasonable length of time to request identification or make inquiry as to whether the person has in his possession unpurchased merchandise. (Ill. Rev. Stat. 1989, ch. 38, par. 16A—5.) This instruction pertained to the offense of battery, of which defendant was acquitted.

Defense counsel did not object to this instruction at trial, and we find no error occurred.

Defendant's third issue, regarding an alleged error in sentencing when the trial court considered her unemployment status, need not be discussed as this case is remanded for resentencing as a misdemeanor offense.

Affirmed as modified, and cause remanded for resentencing.

LUND, P.J., and GREEN, J., concur.