THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAY HESTER, Defendant-Appellant.

Fourth District   No. 4—93—0974

Argued April 19, 1995.—Opinion filed May 1, 1995.

Daniel D. Yuhas and Duane E. Schuster (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1993, a jury found defendant, Jay Hester, guilty of eight counts of unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1 (West 1992)), and in October 1993, the trial court sentenced him to eight concurrent three-year terms in prison. Defendant appeals, arguing that (1) the trial court erred in allowing the State to amend the information during trial; (2) the trial court erred in instructing the jury; (3) the prosecutor's closing argument constituted reversible error; and (4) the State failed to prove him guilty beyond a reasonable doubt.

We affirm.

## I. BACKGROUND

In March 1993, two police officers went to defendant's residence to serve a "civil warrant." Defendant's wife answered the door and informed the officers that defendant was not there. After she consented to a search of the house to locate defendant, the officers found him in the attached garage. During the course of the search, they observed several weapons in the house. The officers later learned that defendant's firearm owner's identification (FOID) card was revoked due to a prior felony conviction and that defendant's wife had never been issued a FOID card.

In April 1993, the officers obtained and executed a search warrant for weapons in defendant's residence, which ultimately produced nine rifles and shotguns. At trial, the jury found defendant guilty of eight counts of unlawful possession of a weapon by a felon, and acquitted him of theft and one count of unlawful possession of a weapon by a felon.

## II. ANALYSIS

### A. *Amending the Information During Trial*

Defendant first argues that the trial court erred by permitting the State to amend the information during trial. The State responds that defendant has waived this issue for review by failing to include it in his post-trial motion. We agree.

In order to preserve an alleged error for appeal, a defendant must both object at trial and refer to the alleged error in a written post-trial motion. (*People v. Cloutier* (1993), 156 Ill. 2d 483, 507, 622 N.E.2d 774, 786.) Although defendant objected at trial to the State's amending the information, he failed to include this issue in his post-trial motion.

Moreover, even if we were to consider the merits of defendant's claim, he would not prevail. The amendment added the language "or on his land" to the allegation that defendant possessed a weapon "in his abode." Defendant repeatedly characterizes the effect of the amendment as nullifying his "defense" to the charge. He contends that his trial strategy was to argue that although he had an interest in the property, the residence was not "his abode."

The elements of unlawful possession of a weapon by a felon are that the defendant (1) knowingly possessed a firearm and (2) had a prior felony conviction. (720 ILCS 5/24—1.1 (West 1992); *People v. Gonzalez* (1992), 151 Ill. 2d 79, 87, 600 N.E.2d 1189, 1192-93.) No requirement exists that the offender possess the weapon in any particular place. (*Gonzalez*, 151 Ill. 2d at 87, 600 N.E.2d at 1193.) Thus, the situs of the defendant's possession does not constitute a material element of the offense.

■ Consequently, defendant in this case suffered no prejudice by the amendment of the information during trial. Because the amendment merely referred to the manner in which defendant allegedly committed the offense, it did not affect a material element. Instead, the amendment created two alternative means by which defendant could commit the offense—that he possessed the weapon either in his abode or on his property. Because the jury was not required to determine the manner in which defendant committed the offense (*People v. Harper* (1993), 251 Ill. App. 3d 801, 808, 623 N.E.2d 775, 779-80), defendant suffered no prejudice.

### B. *The Jury Instructions*

Defendant next argues that the trial court erred by giving the jury a non-pattern instruction that a weapon's operability is immaterial to its status as a firearm. We disagree.

■ Although defendant is correct that the current pattern instructions (Illinois Pattern Jury Instructions, Criminal (3d ed. 1992)) do not address the issue of whether a firearm's operability affects its status as a weapon, the instruction given by the trial court in this case accurately reflects the law. In *People v. White* (1993), 253 Ill. App. 3d 1097, 1098, 627 N.E.2d 383, 384, this court held that "it is sufficient to support a conviction [for unlawful use of a weapon by a felon] that the object possessed the outward appearance and characteristics of a firearm, even if inoperable." Accordingly, defendant's argument that the instruction given by the trial court did not accurately reflect the law is without merit.

## C. *The Prosecutor's Closing Argument*

Defendant next argues that three of the State's comments in its closing argument constituted reversible error. We note that it is well settled that prosecutors enjoy wide latitude in closing arguments, and the scope of permissible argument rests within the sound discretion of the trial court. (*People v. Wiley* (1995), 165 Ill. 2d 259, 294-95.) When reviewing claims of prosecutorial misconduct based upon statements made during closing argument, this court examines the statements in the context of both parties' closing arguments (*Wiley*, 165 Ill. 2d at 295), and we will not grant a new trial unless a prosecutor's improper closing argument is so prejudicial as to materially contribute to the defendant's conviction. (*People v. Chavez* (1994), 265 Ill. App. 3d 451, 460, 637 N.E.2d 469, 476.) In other words, prosecutorial remarks—even though inflammatory—will not warrant a new trial unless they cause substantial prejudice to the defendant and a different outcome would have resulted absent those comments. *Chavez*, 265 Ill. App. 3d at 460, 637 N.E.2d at 476.

■ Defendant first contends that the prosecutor's argument that the firearms did not have to be operable was improper. However, in light of our holding that an inoperable firearm is sufficient to support defendant's conviction, we find no impropriety in the prosecutor's argument.

■ Defendant next claims that certain portions of the prosecutor's argument regarding constructive possession were not based upon the evidence. In these remarks, the prosecutor explained to the jury that he was merely providing examples of constructive possession scenarios rather than suggesting that a particular scenario actually occurred in this case. Significantly, defendant does not argue that the prosecutor's remarks provided inappropriate examples or explanations of constructive possession. We find no error in the prosecutor's attempt to explain a complex issue to the jury, and we hold that the

trial court did not abuse its discretion in overruling defendant's objection at trial.

Defendant also argues that the prosecutor committed reversible error in arguing that the jury should consider his prior felony conviction in considering the credibility of his trial testimony. Although the trial court sustained defendant's contemporaneous objection to the prosecutor's comment, defendant argues that the "error constituted a misstatement of law which proved highly prejudicial" and "exacerbated the harmful effects of the prior errors." Because we conclude that the prosecutor's argument did not misstate the law, we reject this argument as well.

During closing argument, the prosecutor stated as follows:

"Another thing that you can consider while you're deciding how much stock you want to put into the defendant's testimony is, he's a convicted felon. You can consider that to determine how believable he is."

Defendant promptly objected, and the trial court sustained his objection, ruling that "the conviction is of record only as an element of the offense."

Defendant's prior felony conviction was admissible because it was relevant to whether he committed the offense of unlawful possession of a weapon by a felon. One of the elements of that offense is the defendant's prior felony conviction. (*Gonzalez*, 151 Ill. 2d at 87, 600 N.E.2d at 1192-93.) Thus, defendant's prior conviction was properly admitted as evidence directly probative of that element of the offense, similar to the admission of evidence relevant to any other element of an offense.

Generally, evidence of a testifying defendant's prior conviction may be admitted solely to impeach his testimony. As a result, that evidence is typically limited to that purpose, and the trial court instructs the jury to consider it only as it may affect the defendant's credibility. In this case, however, because defendant's prior conviction constituted an element of the offense, evidence of that conviction was admitted substantively, not just for impeachment. Indeed, we note that if the jury did not consider defendant's prior conviction substantively, it could not have found him guilty of this offense. *People v. Wilson* (1991), 215 Ill. App. 3d 966, 969-70, 576 N.E.2d 1173, 1175.

Defendant's contention that his prior conviction should not be considered for impeachment purposes is premised upon *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, this State's seminal case on impeachment by prior conviction. In *Montgomery*, the Supreme Court of Illinois articulated the standard for determining

whether a testifying defendant's prior conviction is admissible for impeachment purposes. The *Montgomery* court adopted the then-proposed Federal Rule of Evidence 609 (Fed. R. Evid. 609), which provided that a defendant's prior conviction may be admissible if the crime was either a felony or involved dishonesty or false statement. However, in either case, the trial court must conduct a balancing test and exclude the evidence of the prior conviction if its probative value is "substantially outweighed by the danger of unfair prejudice." (*Montgomery*, 47 Ill. 2d at 516, 268 N.E.2d at 698.) Thus, *Montgomery* established a clear procedure to determine whether otherwise inadmissible evidence of a defendant's prior conviction is admissible for impeachment purposes.

The supreme court recently revisited *Montgomery* in *People v. Williams* (1994), 161 Ill. 2d 1, 641 N.E.2d 296, in which the court decried the "increasingly mechanical application" of *Montgomery* to "introduce evidence of virtually all types of felony convictions for the purported reason of impeaching a testifying defendant." (*Williams*, 161 Ill. 2d at 39, 641 N.E.2d at 311-12.) The court expressed concern that trial courts were not completing the entire *Montgomery* analysis and reminded trial courts of the importance of conducting the balancing test of probative value versus prejudicial effect before admitting prior convictions for impeachment purposes. Thus, *Williams* reaffirms both prongs of the *Montgomery* test: (1) the prior conviction must either be a felony or related to truth or veracity; and (2) its probative value must not be substantially outweighed by its prejudicial effect. Last, *Williams* emphasizes that a trial court must address both prongs before admitting evidence of a defendant's prior conviction for impeachment.

Thus, *Montgomery* provides a threshold test of admissibility that governs the admission of a defendant's prior conviction for impeachment purposes when that conviction is not otherwise relevant—and therefore not otherwise admissible. Conversely, when a defendant's prior conviction is relevant other than for impeachment—as in the present case in which the prior conviction constitutes an element of the offense—the *Montgomery* test does not apply. If evidence of the prior conviction is admissible independently of impeachment purposes—and therefore independent of *Montgomery*—then the *Montgomery* test becomes inapposite. This independent basis trumps any *Montgomery* inquiry.

*Williams* indicates the supreme court's continued faith in *Montgomery* as governing the admissibility of a testifying defendant's prior convictions. However, the *Montgomery* court itself noted that the issue in that case was the admissibility of the prior conviction

solely for impeachment purposes, noting that "the prior conviction [in this case] which was put before the jury *** was not admissible to show the defendant's guilt [of the charged offense]." (*Montgomery*, 47 Ill. 2d at 514, 268 N.E.2d at 697.) Therefore, we conclude that the *Montgomery* test is inappropriate when the prior conviction is admissible independently of impeachment purposes.

Although not available at the time of defendant's trial, we note that Illinois Pattern Jury Instructions, Criminal, No. 3.13X (3d ed. Supp. 1996) (hereafter IPI Criminal 3d), now addresses situations in which a defendant's prior conviction is admissible as substantive evidence toward an element of the offense, and provides as follows:

> "Ordinarily, evidence of a defendant's prior conviction of an offense may be considered by you only as it may affect his believability as a witness and must not be considered by you as evidence of his guilt of the offense with which he is charged.
>
> However, in this case, because the State must prove beyond a reasonable doubt the proposition that the defendant has previously been convicted of [the prior felony conviction], you may also consider evidence of the defendant's prior conviction of the offense of [the prior felony conviction] for the purpose of determining whether the State has proved that proposition."

The Committee Note indicates that this instruction was created to deal with the admissibility of a defendant's prior conviction when that conviction constitutes an element of the charged offense. The Committee Note states that "this instruction provides that when the defendant has been previously convicted of committing a prior offense and he testifies at his trial, evidence of his prior conviction is admissible as substantive evidence of the prior conviction and also as impeachment evidence against the defendant." (IPI Criminal 3d No. 3.13X, Committee Note, at 15 (3d ed. Supp. 1996).) We agree with this analysis.

When a defendant testifies at his trial, the trial court has the discretion to admit the defendant's prior convictions for impeachment purposes pursuant to *Montgomery*. However, when that prior conviction constitutes an element of the charged offense, the prior conviction must also be considered by the jury substantively as evidence of his guilt. (*Wilson*, 215 Ill. App. 3d at 969-70, 576 N.E.2d at 1175.) Accordingly, IPI Criminal 3d No. 3.13X correctly states that in such a case, the jury may consider the defendant's prior conviction as substantive evidence toward an element of the offense as well as how it may affect his credibility.

■ In this case, the State introduced evidence of defendant's prior conviction and defendant testified in his own defense. As a result, the evidence of defendant's prior conviction was properly before the jury both for impeachment and as substantive evidence of his guilt. Accordingly, the State's closing argument was not contrary to the law, and—although contrary to the trial court's ruling—was not so prejudicial as to materially contribute to defendant's conviction. *Chavez*, 265 Ill. App. 3d at 460, 637 N.E.2d at 476.

## D. *Sufficiency of the Evidence*

Defendant last argues that the State failed to prove him guilty beyond a reasonable doubt. We disagree.

Defendant specifically argues that the State failed to prove beyond a reasonable doubt that he knowingly possessed the weapons in question. In order to establish knowing possession, the State must prove that the defendant had actual or constructive possession of the contraband. (See *People v. Adams* (1993), 242 Ill. App. 3d 830, 832, 610 N.E.2d 763, 765.) In this case, no dispute exists that defendant lacked actual possession of the weapons; instead, the State argued that he had constructive possession.

A defendant may be in constructive possession of an item when he has both the intent and capability to maintain control over it, even though he does not have actual, personal control over the item. (*People v. Frieberg* (1992), 147 Ill. 2d 326, 361, 589 N.E.2d 508, 524.) The State can prove that the defendant had control over the premises where the contraband was found, thus creating an inference that the defendant had constructive possession over the contraband. (*Adams*, 242 Ill. App. 3d at 832, 610 N.E.2d at 765.) If two or more people share immediate and exclusive control over an object, or share the intention and power to exercise control over it, then each person has possession. (*People v. Pittman* (1991), 216 Ill. App. 3d 598, 603, 575 N.E.2d 967, 970.) Knowledge and possession are questions of fact to be resolved by the jury, and this court will not disturb those findings on review unless the evidence is so unbelievable, improbable, or palpably contrary to the verdict that it creates a reasonable doubt of guilt. *People v. Ray* (1992), 232 Ill. App. 3d 459, 462, 597 N.E.2d 756, 758.

■ In this case, the State introduced sufficient evidence to support the jury's guilty verdict. Based upon this record, the jury could have found as follows: (1) the weapons were found in defendant's residence; (2) defendant owned an interest in the residence and surrounding property; (3) defendant regularly entered the residence; (4) defendant kept his clothes and other personal effects in the residence; (5) defendant and his wife jointly signed a mortgage extension

agreement in March 1993 for the property; and (6) defendant lived in the house. Based upon this record, the jury could easily have found that the State established that defendant had constructive possession of the weapons. Thus, we hold that defendant's conviction was not based upon evidence that was unbelievable, improbable, or palpably contrary to the verdict. See *Ray*, 232 Ill. App. 3d at 462, 597 N.E.2d at 758.

## III. CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.