THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN C. ALSTON, Defendant-Appellant.

Second District No. 2—97—0391

Opinion filed February 1, 1999.

GEIGER, J., dissenting.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Frank J. Giampoli, of Law Offices of Frank J. Giampoli, Ltd., of Batavia, for appellant.

Michael P. Bald, State's Attorney, of Freeport (Martin P. Moltz, Assistant State's Attorney, of counsel), and Byron P. Mitchell, of Evanston, for the People.

JUSTICE RAPP delivered the opinion of the court:

Defendant, Steven C. Alston, was convicted of the unlawful use of weapons (720 ILCS 5/24—1(a)(4) (West 1994)) and sentenced to 18 months' imprisonment. He appeals, contending that (1) the trial court erred by permitting the State to amend the informrtion on the day of trial; (2) the evidence was insufficient to prove him guilty beyond a reasonable doubt; and (3) the court erred by giving the State's tendered jury instruction on constructive possession.

Freeport police officer Craig Wainman testified that on the evening of September 8, 1995, he received reports that a patrol officer had seen an unfamiliar car in his area and that the registered owner had an outstanding warrant. Wainman soon came upon the suspect car. When he observed that the car's registration sticker was expired, he pulled it over.

Wainman asked for and received permission to search the car from the driver, Thomas Fort. Wainman had Fort and his three passengers get out of the car. Travoie Huggins was the passenger in the front seat, while defendant and Dion Embry occupied the backseat. At trial, Wainman could not recall on which side of the backseat defendant was sitting.

When Wainman opened the back door, he saw a pistol sticking out from the backseat. The gun had been wedged between the seat and the back, with the grip and trigger guard visible. It was loaded with twelve 9-millimeter shells in the magazine and one in the chamber. Wainman testified that the gun would have been between the backseat passengers and accessible to either one. Only about 12 inches separated the backseat passengers.

Officer Steven Stovall testified that he assisted with the traffic stop and subsequent search. Upon approaching the car, he heard the glove compartment close and saw a passenger reach underneath the front seat. Stovall later tested for fingerprints a weapon recovered from the car, but found none.

Detective James Drehoble testified that he found a 9 millimeter pistol under the front seat as well as a magazine and some loose 9 millimeter rounds. No fingerprints were found on either of the weapons recovered.

Defendant denied knowing about any weapons in the car. He got out of the car before Embry and Huggins, and the first time he saw a gun in the car was just after Huggins got out.

The jury found defendant guilty and the court sentenced him to 18 months' imprisonment. Defendant filed a posttrial motion and a notice of appeal on the same day. The following day, the trial court purportedly denied the posttrial motion.

■ Before considering the merits of defendant's contentions, we must determine whether we have jurisdiction of this appeal. The records of the circuit court indicate that defendant's posttrial motion was filed on March 26, 1997, and his notice of appeal later that same date. On the next day the court heard and denied the posttrial motion, and the defendant, noting that he had already filed a notice of appeal, asked that a new one be filed. It was indicated that the notice of appeal on file would stand as an appeal from the original rulings of the court as well as the denial of the posttrial motions. On that basis, we determine that we have jurisdiction over the appeal. By virtue of the filing of a posttrial motion, a judgment is not final and appealable until the motion is ruled upon by the court. *People v. Swiercz*, 104 Ill. App. 3d 733 (1982). The original notice of appeal was premature. *People v. Whigam*, 202 Ill. App. 3d 252, 257 (1990). By requesting a new notice of appeal after the rulings on the posttrial motion, the defendant properly preserved his right to appeal.

■ Defendant first contends that the trial court erred in permitting the State to amend the information materially on the day of trial. Defendant contends that the insertion of the phrase "about his person" changed the State's theory of the case and therefore prejudiced him.

Initially, we note that defendant waived this issue for review. To preserve an alleged error for appeal, a defendant must both object at trial and include the alleged error in a written posttrial motion. *People v. Cloutier*, 156 Ill. 2d 483, 507 (1993). Here, defendant objected only generally at the time the State sought the amendment and did not attempt to articulate how he would be prejudiced. Moreover, defendant never properly included this issue in the posttrial motion he did file. Therefore, the issue is waived.

Even if we were to consider the merits of this issue, we would find it to be without merit. Defendant was charged in count I of an information with the unlawful use of weapons and in count II with the unlawful possession of weapons by a felon. On the day of trial, the prosecutor moved to dismiss count II because he had learned that defendant's prior conviction was for a misdemeanor. The State also moved to amend count I by adding the phrase "about his person" to the description of the offense. The court allowed the amendment.

An information may be amended at any time to correct formal defects. 725 ILCS 5/111—5 (West 1996). The amendment is permissible if the change is not material or does not alter the nature and elements of the offense charged. *People v. Flores*, 250 Ill. App. 3d 399, 402 (1993). A formal amendment is warranted especially where defendant is not surprised or prejudiced, or if he was already aware of the

actual charge. *People v. McCoy*, 295 Ill. App. 3d 988, 993 (1998). The trial court's decision to allow an amendment to the charging instrument will not be disturbed unless the court abused its discretion. *McCoy*, 295 Ill. App. 3d at 993.

Although cited by neither party, *People v. Hester*, 271 Ill. App. 3d 954 (1995), is similar to this case. There, the trial court permitted the prosecutor to amend the information to add "or on his land" to the allegation that defendant possessed a weapon "in his abode." The appellate court held that the trial court did not abuse its discretion and noted that the amendment did not affect a material element of the offense, but merely provided two alternative means by which defendant could commit it. Therefore, defendant was not prejudiced. *Hester*, 271 Ill. App. 3d at 956.

Here, as in *Hester*, the amendment merely added an additional way by which defendant could commit the same offense and defendant was not prejudiced. It was clear all along that the State intended to charge defendant with possession of the two guns found in the car. The amendment merely tracked more closely the language of the statute. Count II, which the State dismissed at the same time, always contained the allegation that defendant possessed the guns "about his person."

Defendant's nonspecific allegations of prejudice are belied by the fact that he did not seek a continuance of the trial to prepare his defense. See *People v. Coleman*, 49 Ill. 2d 565, 569-70 (1971) (defendant not prejudiced by amendment to allege murder by asphyxiation in addition to murder by stabbing, particularly where defendant did not seek continuance to further prepare his defense). Thus, the trial court did not abuse its discretion by permitting the amendment.

■ Defendant next contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. Where a defendant challenges the sufficiency of the evidence, our review is limited to asking whether all the evidence, when viewed in the light most favorable to the prosecution, is sufficient to convince any rational trier of fact that the elements of the offense have been proved beyond a reasonable doubt. *People v. Brown*, 169 Ill. 2d 132, 152 (1996). It is not our function to retry the defendant. *People v. Digirolamo*, 179 Ill. 2d 24, 43 (1997). It is the jury's function to assess the credibility of the witnesses and the weight to be given their testimony. *People v. Manning*, 182 Ill. 2d 193, 210 (1998).

■ Here, the evidence was sufficient to prove that defendant constructively possessed the pistol found in the backseat of the car. It is undisputed that defendant and Embry occupied the backseat when the car was stopped. Immediately after they exited the car, Wainman

found a pistol protruding from the crack in the backseat. Wainman testified that the gun would have been within one foot of either of the backseat passengers. The jury could thus conclude that defendant constructively possessed the gun, despite his testimony that he was unaware of it.

Although defendant was also charged with the possession of the gun found under the front seat, the parties' briefs give scant attention to this second gun. However, as defendant was charged with only one offense, evidence that he constructively possessed the gun in the backseat was sufficient to establish the elements of the offense beyond a reasonable doubt.

■ Defendant's final contention is that the court erred in giving the Illinois Pattern Jury Instruction on constructive possession. Defendant contends that the instruction does not accurately state the law because it does not inform the jury that defendant must have knowledge of the contraband.

Defendant has waived this issue by failing to specifically include it in his posttrial motion and by failing to tender an alternative instruction at trial. *People v. Rissley*, 165 Ill. 2d 364, 406 (1995). However, even if defendant had properly preserved the issue, we would find it to be without merit.

In criminal cases, where Illinois Pattern Jury Instructions contain an applicable instruction, the court should give it unless the court determines that the instruction does not accurately state the law. In determining the adequacy of the instructions, a reviewing court considers them as a whole to ascertain if they fully and fairly cover the law. *People v. Novak*, 163 Ill. 2d 93, 115-16 (1994).

The instruction the court gave stated in relevant part as follows:

"Possession may be actual or constructive. *** A person has constructive possession when he lacks actual possession of a thing but he has both the power and the intention to exercise control over a thing either directly or through another person."

See Illinois Pattern Jury Instructions, Criminal, No. 4.16 (3d ed. 1992). It seems evident that one cannot intend to exercise control over a thing unless he or she knows about it. In any event, the next two instructions the court gave told the jury that a person commits the offense of unlawful use of weapons "when he knowingly possesses a pistol in a vehicle" and that to convict defendant, the State had to prove that "defendant knowingly possessed a pistol in a vehicle." The instructions as a whole informed the jury that defendant could not be convicted of unlawful use of weapons unless he knew of the guns' presence.

The judgment of the circuit court of Stephenson County is affirmed.

Affirmed.

INGLIS, J., concurs.

JUSTICE GEIGER, dissenting:
I respectfully dissent. I do not believe that the evidence presented by the State was sufficient to prove the defendant guilty beyond a reasonable doubt. For the offense of unlawful use of a weapon, the State was obligated to prove that the defendant knowingly carried or possessed a firearm "in any vehicle or concealed on or about his person." 720 ILCS 5/24—1(a)(4) (West 1994). In the instant case, there was no testimony by any of the officers that the defendant was in actual physical possession of the pistol.

The majority asserts that the defendant's conviction can be upheld under the doctrine of constructive possession. Under that doctrine, the State may circumstantially prove the element of possession by establishing that the defendant had immediate and exclusive control over the area where the weapon was found. *People v. Oden*, 261 Ill. App. 3d 41, 47 (1994); *People v. Williams*, 98 Ill. App. 3d 844, 847-48 (1981). The defendant's exclusive control over the area must be such that his knowledge of the presence of the weapon may be inferred. *People v. Givens*, 46 Ill. App. 3d 1035, 1041 (1977). In accordance with this rule, the jury in the instant case was instructed that constructive possession requires proof that the defendant intended to exercise control over the weapon. See Illinois Pattern Jury Instructions, Criminal, No. 4.16 (3d ed. 1992).

The evidence presented herein failed to establish the defendant's exclusive control over the area where the weapon was found or his intent to exercise control over the weapon. It was undisputed that the defendant did not own the car and was but one of four passengers. It is speculative to infer that the defendant intended to possess the weapon merely because he "occupied" the backseat where the weapon was found. Indeed, the weapon was found wedged into the crack of the backseat and was located halfway between the backseat passengers. The defendant specifically denied knowing that weapons were in the car and did not observe the pistol until the other backseat passenger exited the car.

Additionally, I believe that the majority's holding that constructive possession may be inferred by the mere "occupation" of the area in which the contraband is found is a broad extension of existing case

214 

law. Although the majority correctly notes that multiple persons can jointly possess a weapon for the purposes of constructive possession, Illinois courts have previously applied the doctrine only in those instances when there is some indicia that the charged defendant has the right to exert his control over the area where the contraband was found. See *People v. Hester*, 271 Ill. App. 3d 954, 961 (1995) (weapons found in house owned by defendant); *Williams*, 98 Ill. App. 3d at 848-49 (shotgun found in apartment where defendant had been living for two weeks); *Givens*, 46 Ill. App. 3d at 1041 (shotgun found under passenger seat of defendant's vehicle). In each of these cases, the defendant's right to exert control over the auto or dwelling where the contraband was found was essential to establishing constructive possession. *Hester*, 271 Ill. App. 3d at 961; *Williams*, 98 Ill. App. 3d at 848-49; *Givens*, 46 Ill. App. 3d at 1041.

Here, the defendant could not have immediate and exclusive control over an automobile in which he was riding as a passenger. Certainly the defendant's mere presence in the backseat cannot support a legal inference that he was aware of the presence of the pistol and intended to exercise his control over it. See generally *People v. Pugh*, 36 Ill. 2d 435, 436-37 (1967) (mere presence in apartment at time contraband seized insufficient to establish constructive possession). Lacking any other evidence of the defendant's intent, I do not believe that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. I would therefore reverse his conviction.