THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. HENRY, Defendant-Appellant.

Second District No. 2—02—0089

Opinion filed September 4, 2003.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Alison J. Norwood, of Streamwood, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Peter N. Stein, of Highland Park, for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Following a jury trial, defendant, Michael A. Henry, was found guilty of reckless homicide (720 ILCS 5/9—3 (West 2000)) and driving with a revoked license (625 ILCS 5/6—303 (West 2000)) and sentenced to 14 years' imprisonment. On appeal, defendant contends that the reckless homicide statute and the Illinois Pattern Jury Instructions on which they are based are unconstitutional because they contain mandatory irrebuttable presumptions that relieve the State of its burden to prove recklessness and intoxication beyond a reasonable doubt. We affirm.

Defendant was charged with four counts of reckless homicide and one count of driving with a revoked license. The indictment alleged that, on July 20, 2000, defendant, while operating his motor vehicle in a reckless manner, caused his vehicle to travel through a red light at the intersection of Gary Avenue and Lake Street in Roselle. Defendant's vehicle collided with a vehicle being driven by the victim, Joseph Schwarz. As a result of the collision, the victim suffered fatal injuries. Count I alleged that defendant drove his vehicle in a reckless manner while under the influence of alcohol to a degree that rendered him incapable of safely driving; count II alleged that defendant drove his vehicle in a reckless manner at a time when his blood-alcohol concentration was greater than 0.08; count III alleged that defendant

drove a vehicle at a time when his driver's license had been revoked; count IV alleged that defendant drove his vehicle in a reckless manner while under the influence of cannabis; and count V alleged that defendant drove his vehicle in a reckless manner while under the combined influence of alcohol and cannabis.

Prior to trial, defendant filed a motion seeking a declaration that the mandatory presumptions contained in section 9—3(b) of the Criminal Code of 1961 (the Code) (720 ILCS 5/9—3(b) (West 2000)) and section 11—501.2(b)(3) of the Illinois Vehicle Code (the Vehicle Code) (625 ILCS 5/11—501.2(b)(3) (West 2000)) and any corresponding jury instructions were unconstitutional. Section 9—3(b) of the Code provides that, in cases of reckless homicide, "being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary." 720 ILCS 5/9—3(b) (West 2000). Section 11—501.2(b)(3) of the Vehicle Code provides that, during any criminal or civil trial arising out of acts alleged to have been committed by any person while driving under the influence of alcohol, evidence that the person had a blood- or breath-alcohol concentration of 0.08 or greater "shall be presumed that the person was under the influence of alcohol." 625 ILCS 5/11—501.2(b)(3) (West 2000). Defendant argued that these mandatory presumptions violated his due process rights because they eliminated the State's burden to prove these elements of the crime beyond a reasonable doubt.

Relying on *People v. Pomykala*, 326 Ill. App. 3d 390 (2001), the trial court granted defendant's motion with respect to the presumption contained in section 9—3(b) and ruled that the jury would not be instructed that defendant's recklessness could be presumed from evidence presented that he was under the influence of alcohol. The trial court, however, denied defendant's motion with respect to the presumption contained in section 11—501.2(b)(3) of the Vehicle Code. In so ruling, the trial court apparently was persuaded by the State's argument that the presumption contained in section 11—501.2(b)(3) was permissive, rather than mandatory, and therefore did not violate defendant's due process rights. See *People v. Hester*, 131 Ill. 2d 91 (1989). The State also noted that the pattern jury instructions predicated on section 11—501.2(b)(3) had been modified to reflect the decision in *Hester* and to highlight the permissive nature of the presumption. See Illinois Pattern Jury Instructions, Criminal, No. 23.30 (4th ed. 2000) (hereinafter IPI Criminal 4th). The trial court further ruled that the presumption provided in section 11—501.2(b)(3) could be applied only to count I of the indictment, where the State did not allege a specific blood-alcohol concentration.

At trial, Vanessa Perez testified that her vehicle was involved in the collision on July 20, 2000. Perez testified that, immediately before the collision, she had been driving on Lake Street and was in the process of slowing her vehicle in the right-turn lane because the traffic signal for Lake Street was red. Perez testified that she saw a beige Ford Taurus station wagon approach from the opposite direction on Lake Street at a "high rate of speed." The station wagon drove through the red signal into the intersection and collided with a Nissan Xterra sport-utility vehicle (SUV) traveling on Gary Avenue. Perez testified that, right after the collision, the SUV flipped over and struck the driver's side door of her Pontiac Grand Am.

Roselle police officer David Hourigan testified that he was one of the first officers to respond to the report of an accident at the intersection of Gary Avenue and Lake Street on July 20, 2000, at approximately 1:30 a.m. Hourigan observed three vehicles on the grass adjacent to the southwest corner of the intersection. Hourigan spoke with Perez and then checked on defendant, who was the driver of the station wagon. Defendant was unconscious, but appeared to be breathing. Hourigan then checked on the victim, who was the driver of the SUV. Hourigan testified that the victim appeared to have been fatally injured. At this time, paramedics and other officers arrived at the scene.

After defendant was removed from the station wagon, Hourigan examined the interior of the station wagon. Hourigan testified that the glove compartment had fallen down from the dashboard. Hourigan observed a plastic bag containing a green leafy plant substance in the glove compartment. Hourigan also observed a metal and wood pipe that he recognized as a device for smoking marijuana.

Paramedic Richard Schwegler testified that members of the Bloomingdale fire department cut through the front passenger door of the station wagon to gain access to defendant, who was trapped in the vehicle. Schwegler testified that he did not smell the odor of alcohol on defendant's breath or clothing. Defendant was unconscious and was placed in an ambulance for transport to the hospital.

Marshall Smith testified that he witnessed the July 20, 2000, collision. Smith testified that, shortly before the collision, he had been driving south on Gary Avenue and had pulled into the left-turn lane so that he could turn left onto Lake Street. Smith testified that, at this time, the traffic light for Gary Avenue was green, but that the left-turn arrow was red. Smith observed defendant's station wagon traveling at "an extreme rate of speed" heading west on Lake Street. Smith testified that the station wagon struck the side of an SUV that was traveling through the intersection on Gary Avenue. Smith testi-

fied that, after the collision, the SUV rolled over three or four times before resting on its side. Smith estimated that the station wagon had been traveling between 40 and 55 miles per hour.

Albert Daddono testified that he was traveling west on Lake Street at about 1:30 a.m. on July 20, 2000. Daddono testified that a four-door station wagon "flew" by him near the intersection of Lake Street and Bloomingdale Road. Daddono testified that he observed the station wagon swerve as it drove west on Lake Street. Daddono testified that the traffic signal for westbound traffic on Lake Street at the intersection of Bloomingdale Road was red. The station wagon applied its brakes briefly before it entered the intersection, but then the station wagon went through the red light.

Dr. Joseph Vitella testified that he was the attending trauma surgeon at Good Samaritan Hospital in Downers Grove and that he treated defendant on July 20, 2000. Vitella testified that defendant had "an obvious alcohol smell" on his breath. Toxicology testing performed on defendant indicated that the alcohol level in defendant's blood serum was .298. Defendant's urine tested negative for the presence of alcohol but it "suggested the presence of cannabis."

Albert Larsen, a toxicologist with the Illinois State Police crime laboratory, explained that serum testing is different from whole-blood testing because the serum test is from clotted blood, which concentrates alcohol in a smaller volume. Due to the difference in concentration between serum and whole blood, the Illinois State Police use a mathematical calculation to convert the serum-blood level to the whole-blood level. Larsen testified that he divided defendant's serum-blood level of .298 by 1.18 to convert the number to a whole-blood level. Based upon this calculation, Larsen determined that the alcohol concentration in defendant's whole blood was .253.

Roselle police officer David Cotton testified that he reconstructed and diagramed the accident. Cotton found deep gouging marks, chops, and scrapes in the pavement in the intersection of Gary Avenue and Lake Street. Cotton opined that defendant was driving his station wagon west on Lake Street in the right traffic lane and entered the Gary Avenue intersection. Cotton opined that defendant's vehicle then struck the driver's side of the victim's SUV. Cotton believed that, once the contact occurred, the SUV and the station wagon remained in contact, rotating together, and traveled as "one unit." Cotton believed that, after rotating several times, the vehicles separated. The SUV then rolled over onto its passenger side and continued to spin down Lake Street until it struck Perez's vehicle. After striking Perez's vehicle, Cotton opined, the SUV righted itself, continued to travel forward until it hit a curb, and then flipped over on the driver's side.

According to Cotton's estimates, the minimum speed at the time of the collision was 28 miles per hour for the SUV and 74 miles per hour for the station wagon.

During the jury instructions conference, the State tendered IPI Criminal 4th No. 7.09X, which provides, in part, that a person is under the influence of alcohol for the purpose of reckless homicide when the person drives a vehicle while the alcohol concentration level in the person's blood or breath is above 0.08. This instruction is predicated on section 9—3(c)(1) of the Code, which provides that, for the purpose of reckless homicide, "a person shall be considered to be under the influence of alcohol or other drugs while *** [t]he alcohol concentration in the person's blood or breath is 0.08 or more based on the definition of blood and breath units in Section 11—501.2 of the Illinois Vehicle Code." 720 ILCS 5/9—3(c)(1) (West 2000). Defendant objected to the instruction, arguing that section 9—3(c)(1) created an unconstitutional mandatory presumption that improperly relieved the State of its burden to prove beyond a reasonable doubt that he was under the influence of alcohol. Defendant further argued that the instruction was inconsistent with IPI Criminal 4th No. 23.30, which provides that the jury "may presume" that a defendant is under the influence of alcohol if his blood-alcohol concentration is greater than 0.08.

The trial court ruled that section 9—3(c)(1) of the Code did not set out a presumption mandating that the jury find one of the elements of the crime. Rather, the trial court noted that section 9—3(c)(1) simply defined the meaning of the term "under the influence of alcohol" for purposes of the reckless homicide statute. The trial court also found that the presumption in IPI Criminal 4th No. 7.09X was not inconsistent with the permissive presumption contained in IPI Criminal 4th No. 23.30 because the two presumptions related to different counts in the indictment. The trial court explained that the presumption set out in IPI Criminal 4th No. 7.09X applied to count II, which alleged reckless homicide based upon defendant's blood-alcohol concentration exceeding 0.08. The presumption set out in IPI Criminal 4th No. 23.30, however, applied to count I, which alleged reckless homicide predicated upon defendant's conduct of driving under the influence of alcohol to a degree that rendered him incapable of safely driving. The trial court overruled defendant's objection and tendered instructions based on both IPI Criminal 4th Nos. 7.09X and 23.30 to the jury. The instruction based on IPI Criminal 4th No. 7.09X provided as follows:

"A person is under the influence of alcohol or other drugs for the purpose of reckless homicide when he drives a vehicle while the

alcohol concentration in his blood or breath is 0.08 or more or while under the influence of alcohol or any other drug or drugs to the degree which rendered him incapable of safely driving."

The instruction based on IPI Criminal 4th No. 23.30 provided as follows:

"If you find that at the time the defendant drove a vehicle that the alcohol concentration in the defendant's blood or breath was 0.05 percent or less, you shall presume that the defendant was not under the influence of alcohol.

If you find that at the time the defendant drove a vehicle that the alcohol concentration in the defendant's blood or breath was more than 0.05 percent but less than 0.08 percent, this does not give rise to any presumption that the defendant was or was not under the influence of alcohol. You should consider all of the evidence in determining whether the defendant was under the influence of alcohol.

If you find that at the time the defendant drove a vehicle that the amount of alcohol concentration in the defendant's blood or breath was 0.08 percent or more, you may presume that the defendant was under the influence of alcohol to the degree which renders him incapable of safely driving for purpose of the offense of reckless homicide while under the influence of alcohol to the degree that rendered him incapable of safely driving. You never are required to make this presumption. It is for the jury to determine whether the presumption should be drawn. You should consider all of the evidence in determining whether the defendant was under the influence of alcohol. This presumption, however, has no application to the offense of reckless homicide while under the influence of alcohol with an alcohol concentration in his blood of 0.08 percent or more."

Following deliberations, the jury found defendant guilty of count I (reckless homicide—driving under the influence of alcohol), count II (reckless homicide—blood-alcohol concentration greater than 0.08), and count III (driving while license revoked). Defendant was acquitted of counts IV (reckless homicide—driving under the influence of cannabis) and V (reckless homicide—driving under the combined influence of cannabis and alcohol). The trial court merged defendant's conviction on count II into his conviction on count I. The trial court sentenced defendant to concurrent terms of imprisonment of 14 years on count I and 6 years on count III. Defendant filed a timely notice of appeal.

On appeal, defendant contends that he was deprived of a fair trial because the reckless homicide statute and the jury instructions based thereon are unconstitutional because they set out mandatory presump-

tions that relieved the State of its burden to prove defendant guilty beyond a reasonable doubt. Defendant specifically objects to the presumption of recklessness contained in section 9—3(b) and the presumption of being under the influence of alcohol in section 9—3(c)(1). As he did at trial, defendant again relies on *Pomykala*, 326 Ill. App. 3d 390. Defendant also argues that, by giving the jury instructions based on both IPI Criminal 4th Nos. 7.09X and 23.30, the trial court gave inconsistent instructions to the jury as to whether the presumption of being under the influence of alcohol was mandatory or permissive.

■■ ■ We begin our analysis with the language of section 9—3 of the Code. The section provides, in pertinent part, as follows:

"(a) A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle *** in which case the person commits reckless homicide.

(b) In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary.

(c) For the purposes of this Section, a person shall be considered to be under the influence of alcohol or other drugs while:

1. The alcohol concentration in the person's blood or breath is 0.08 or more based on the definition of blood and breath units in Section 11—501.2 of the Illinois Vehicle Code[.]" 720 ILCS 5/9—3 (West 2000).

The constitutionality of a statute is subject to *de novo* review. *People v. Malchow*, 193 Ill. 2d 413, 418 (2000). Statutes carry a strong presumption of constitutionality, and the challenging party bears the burden of rebutting that presumption. *People v. Maness*, 191 Ill. 2d 478, 483 (2000). This court has a duty to interpret a statute in a manner that upholds its validity and constitutionality if it can be reasonably done. *People v. Fisher*, 184 Ill. 2d 441, 448 (1998).

We first consider the constitutionality of section 9—3(b), which provides that an individual who is under the influence of alcohol at the time of the alleged violation "shall be presumed" to be reckless. 720 ILCS 5/9—3(b) (West 2000). After defendant filed his appellate brief, the Illinois Supreme Court filed an opinion affirming the appellate court's holding in *Pomykala*. See *People v. Pomykala*, 203 Ill. 2d 198 (2003). We will therefore focus on the language contained in the supreme court's opinion. The defendant in *Pomykala*, like defendant

in this case, was charged with two counts of reckless homicide: one count alleged that the defendant drove his vehicle in a reckless manner at a time when his blood-alcohol concentration was greater than 0.08; another count alleged that the defendant drove his vehicle in a reckless manner while under the influence of alcohol. *Pomykala*, 203 Ill. 2d at 210-11. Over the defendant's objection, the trial court tendered an instruction to the jury predicated on the language of section 9—3(b) that, in the event the jury found that the defendant was under the influence of alcohol at the time of the alleged violation, such evidence " 'shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary.' " *Pomykala*, 203 Ill. 2d at 201-02, quoting 720 ILCS 5/9—3(b) (West 2000). The supreme court found that section 9—3(b) created an unconstitutional presumption of recklessness and further held that the use of a jury instruction predicated on the mandatory presumption was a violation of the defendant's due process rights. *Pomykala*, 203 Ill. 2d at 209. The supreme court thus reversed the defendant's conviction and remanded the case for a new trial.

In so holding, the supreme court also considered whether subsection (b) could be severed from the remainder of the reckless homicide statute. *Pomykala*, 203 Ill. 2d at 209. The court explained that subsection (b) stated an evidentiary rule regarding the effect on the issue of recklessness of the accused being under the influence of alcohol or other drugs, while subsection (c) set forth the factors to be considered in determining whether the accused was under the influence of alcohol or other drugs at the time of the incident. *Pomykala*, 203 Ill. 2d at 209. The court held that the excision of the unconstitutional presumption in section 9—3(b) did not impair the meaning or operation of the balance of the statute. The court noted that the State "may still plead and prove that the defendant was under the influence of alcohol or other drugs at the time of the alleged violation, as defined in subsection (c)." *Pomykala*, 203 Ill. 2d at 210.

 Here, defendant asserts that the proceedings in this case were contrary to the principles articulated in *Pomykala* as the State was able to avoid proving reckless conduct beyond a reasonable doubt because the reckless homicide statute mandates that a person with a blood-alcohol level of 0.08 or greater is presumed to have acted recklessly. However, the trial court was aware of the appellate court's ruling in *Pomykala* that the mandatory presumption contained in subsection (b) was unconstitutional, and the trial court granted defendant's motion that the jury not be instructed in regard to subsection (b). Contrary to defendant's assertions, the State was not permitted to argue that the jury could infer defendant's recklessness from evidence

presented that he was under the influence of alcohol or had a blood-alcohol level of greater than 0.08. We therefore conclude that the proceedings in this case were not contrary to the supreme court's holding in *Pomykala*. See also *People v. Henderson*, 329 Ill. App. 3d 810, 823 (2002) (holding that the trial court avoided any constitutional error by eliminating jury instruction compelling the jury to presume the defendant was acting recklessly).

Defendant argues that the State's comments during closing argument improperly informed the jury that it could presume, "due to the .08 alcohol content level, that [defendant] acted recklessly." However, the record does not contain such an argument by the State. Rather, the State argued to the jury that it could use the blood-alcohol result to "presume [defendant] was under the influence of alcohol, because the blood result [was] in excess of .08." This was a correct statement of the law under section 9—3(c)(1). Defendant also objects to the following argument by the State in its rebuttal closing argument:

> "You will be getting an instruction about a presumption. My partner indicated that to some extent if they [*sic*] appear a little confusing. I submit to you maybe it appears confusing, but it isn't. The significance of the blood-alcohol result in this case is very simple. It just requires common sense. You don't even need a presumption. Three times, more than three times .08, the limit in Illinois, that's all you need to know."

However, once again, we find nothing improper about the State's argument. The State did not instruct the jury that it could presume defendant's guilt based simply on defendant's blood-alcohol level. Rather, the State's argument attempted to highlight defendant's high blood-alcohol level and suggest that this evidence proved that defendant was indeed under the influence of alcohol and reckless in committing the acts that caused the victim's death. See *People v. Hester*, 271 Ill. App. 3d 954, 957 (1995) (noting that State is entitled to wide latitude in closing argument). Moreover, we note that defendant did not object to these arguments during trial or raise an objection to the State's closing argument in his posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant also does not ask us to consider the scope of the State's closing argument as plain error. See 134 Ill. 2d R. 615(a). As such, even if the State had exceeded the proper bounds of closing argument, any allegation of error relating to the State's closing argument has been waived. See *Enoch*, 122 Ill. 2d at 186.

We next consider whether the presumption of being under the influence of alcohol contained in section 9—3(c)(1) is unconstitutional. As noted above, section 9—3(c)(1) provides that a person is under the influence of alcohol for purposes of reckless homicide where the

person's blood-alcohol level exceeds 0.08. 720 ILCS 5/9—3(c)(1) (West 2000). The constitutionality of this section was considered in *People v. Henderson*, 329 Ill. App. 3d 810 (2002). In *Henderson*, the defendant argued that this section and IPI Criminal 4th No. 7.09X, which mirrors the language of the section, violated due process because they directed the trier of fact to presume the element of being under the influence of alcohol if it found that the defendant drove with a certain blood-alcohol concentration level. *Henderson*, 329 Ill. App. 3d at 816-17. The defendant argued that the statute and jury instruction contained a mandatory irrebuttable presumption that relieved the State of its burden of proving intoxication beyond a reasonable doubt. *Henderson*, 329 Ill. App. 3d at 817.

After discussing the difference between mandatory and permissive presumptions, the reviewing court looked to the language of section 9—3(c)(1) and noted that the statute did not "use the word 'presume' or invade the territory of the fact finder by directing the fact finder to infer one fact based upon another fact." *Henderson*, 329 Ill. App. 3d at 818. The court concluded that the section did not contain a presumption, but instead provided a definition of what constituted being " 'under the influence of alcohol or other drugs.' " *Henderson*, 329 Ill. App. 3d at 818. Therefore, the court concluded that neither section 9—3(c)(1) nor IPI Criminal 4th No. 7.09X violated due process under either the Illinois or United States Constitution. *Henderson*, 329 Ill. App. 3d at 818.

In *People v. Beck*, 295 Ill. App. 3d 1050 (1998), this court had the opportunity to consider the propriety of tendering IPI Criminal 4th No. 7.09X to the jury. Although we noted that the instruction required the jury to presume a defendant to be under the influence of alcohol if his or her blood-alcohol level was greater than a certain level, we nonetheless found that the "instruction did not require the jury to find defendant guilty of reckless homicide based on that presumption." *Beck*, 295 Ill. App. 3d at 1064. We further noted that, even where the State introduced evidence of intoxication, it was still required to introduce additional evidence from which recklessness could be inferred. *Beck*, 295 Ill. App. 3d at 1064. Noting that the State had introduced evidence that the defendant in *Beck* had driven his vehicle into oncoming traffic, this court concluded that the trial court had not abused its discretion in tendering IPI Criminal 4th No. 7.09X and that the instruction did not relieve the State of its burden of proof on the reckless homicide charges. *Beck*, 295 Ill. App. 3d at 1064. See also *People v. Ziltz*, 98 Ill. 2d 38, 43 (1983) (holding that section 11—501.2(a)(1) of the Vehicle Code did not set out a mandatory presumption because the State was still required to prove a blood-alcohol concentration equal to or greater than the statutory limit).

■ In light of these authorities, which defendant conspicuously fails to address, we conclude that section 9—3(c)(1) and IPI Criminal 4th No. 7.09X do not contain mandatory presumptions that impermissibly intrude upon defendant's right to due process. Whether the language of the statute is viewed as a presumption or a definition, the language does not relieve the State of its burden of proof on the reckless homicide charge. See *Henderson*, 329 Ill. App. 3d at 821. Here, the State introduced evidence that, at the time of the collision, defendant was driving his vehicle at an excessive rate of speed and entered the intersection of Gary Avenue and Lake Street despite the red traffic signal. Therefore, the State introduced evidence not only of defendant's intoxication, but also of recklessness by defendant in performing the acts that resulted in the victim's death. Accordingly, we conclude that the State introduced sufficient evidence of defendant's recklessness and that the State was not relieved of its burden of proof on the reckless homicide charges. See *Beck*, 295 Ill. App. 3d at 1064.

We next consider defendant's argument that the trial court's decision to tender instructions based on both IPI Criminal 4th No. 7.09X and IPI Criminal 4th No. 23.30 was confusing to the jury. As noted above, IPI Criminal 4th No. 23.30 merely allowed the jury to presume that defendant was under the influence of alcohol based upon a blood-alcohol concentration of 0.08 or greater, whereas IPI Criminal 4th No. 7.09X required the jury to presume that defendant was under the influence of alcohol. Defendant argues that these two instructions sent conflicting directions to the jury as to whether the presumption was mandatory or permissive.

■ It is well established that every litigant is entitled to have the jury instructed as to the law governing the case. *Beck*, 295 Ill. App. 3d at 1063. The instructions must be sufficiently clear so as not to confuse or mislead the jury. *Beck*, 295 Ill. App. 3d at 1063. According to Supreme Court Rule 451(a) (177 Ill. 2d R. 451(a)), juries in criminal cases must be instructed pursuant to the criminal pattern instructions unless the court determines that the particular instruction does not accurately state the law. *People v. Testin*, 260 Ill. App. 3d 224, 230 (1994). Absent a clear abuse of discretion, a trial court's determination of the form in which an instruction is given will not be disturbed on review. *People v. Curtis*, 262 Ill. App. 3d 876, 890 (1994).

In *Beck*, this court considered whether a trial court abused its discretion in tendering both IPI Criminal 4th No. 7.09X and IPI Criminal 4th No. 23.30. *Beck*, 295 Ill. App. 3d at 1063-64. We held that the tendering of both instructions did not confuse the jury. We explained that IPI Criminal 4th No. 7.09X went to the reckless homicide charge, and IPI Criminal 4th No. 23.30 went to a separate

driving under the influence charge at issue in the case. *Beck*, 295 Ill. App. 3d at 1064. We noted that "[b]oth counsel had the opportunity during closing arguments to clarify that these instructions related to separate charges and that the presumption of [IPI Criminal 4th No. 7.09X] did not relate to the presumption of [IPI Criminal 4th No. 23.30]." *Beck*, 295 Ill. App. 3d at 1064; see also *Henderson*, 329 Ill. App. 3d at 818-19 (jury was instructed as to both IPI Criminal 4th No. 7.09X and IPI Criminal 4th No. 23.30 in deliberating on two charges of reckless homicide).

■ Here, the trial court did not abuse its discretion in tendering instructions based on both IPI Criminal 4th No. 7.09X and IPI Criminal 4th No. 23.30 to the jury. As in *Beck*, these two instructions did not simultaneously relate to both counts of reckless homicide charged in the indictment. IPI Criminal 4th No. 23.30 related to count I of the indictment, which alleged that defendant drove under the influence of alcohol to a degree that rendered him incapable of safely driving. The instruction advised the jury that it "may presume" that defendant was under the influence of alcohol if his blood-alcohol concentration was 0.08 or greater. To alleviate any possible juror confusion, the trial court tendered a modified version of IPI Criminal 4th No. 23.30 which specifically instructed the jury that the presumption applied only to "the offense of reckless homicide while under the influence of alcohol to the degree that rendered him incapable of safely driving." The instruction also specifically directed the jury that it should not utilize the permissive presumption contained in IPI Criminal 4th No. 23.30 in considering count II, "the offense of reckless homicide while under the influence of alcohol with an alcohol concentration in his blood of 0.08 percent or more." The instruction was an accurate statement of the law, and counsel for both parties had the opportunity to clarify the instruction during closing argument.

IPI Criminal 4th No. 7.09X did relate to both counts I and II of the indictment. As detailed above, the instruction stated that a person is under the influence of alcohol for purposes of reckless homicide when he drives his vehicle while "the alcohol concentration in his blood or breath is 0.08 or more" or "under the influence of alcohol *** to the degree which renders him incapable of safely driving." The latter portion of the instruction went to the reckless homicide offense charged in count I, while the former portion of the instruction went to the reckless homicide offense charged in count II. At the jury instruction conference, the parties and the trial court considered whether the language of the instruction was confusing and might improperly lead the jury to apply the presumption relating to defendant's blood-alcohol concentration in its deliberations on count I. To avoid this potential

confusion, the State proposed to rephrase the instruction so as to specifically advise the jury which portions of the instruction related to which counts. However, defendant objected to altering the language of IPI Criminal 4th No. 7.09X and requested the trial court to give the pattern instruction without modification. In light of defendant's acquiescence to the form of this instruction, defendant cannot now claim that the instruction was confusing when compared to IPI Criminal 4th No. 23.30. As such, the trial court did not abuse its discretion in giving IPI Criminal 4th No. 7.09X. See *Henderson*, 329 Ill. App. 3d at 818-19; *Beck*, 295 Ill. App. 3d at 1064.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

McLAREN and BOWMAN, JJ., concur.